CLIFTON L. BREMER, trustee, *vs.* MOSES WILLIAMS, JR., & another, trustees.

Suffolk.     March 31, 1911. — November 29, 1911.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Equity Jurisdiction,* To compel restitution of unjust enrichment. *Unjust Enrichment. Limitations, Statute of.*

Where a person, who is the sole trustee of two separate estates, pays certain taxes due from one of the estates with money embezzled by him from the other estate, a new trustee of the estate from which the money was embezzled may maintain a suit in equity to recover its amount from a new trustee of the estate which was unjustly enriched by having its debt for taxes thus discharged with the money of the plaintiff.

In a suit in equity by a trustee of an estate against the trustee of another estate to recover an amount of money embezzled by a predecessor of the plaintiff as trustee from the trust estate and paid by him in discharge of a debt for taxes, which was owed by the estate of which the defendant is trustee, at a time when the same dishonest person was the sole trustee of each of the two estates, where the defendant sets up the statute of limitations, the period, during which the dishonest person who made the payment was the trustee of both estates before his dishonesty was discovered, is to be deducted from the six year period of limitation, which begins to run only when there is some one by whom and a different person against whom the claim can be enforced.

BILL IN EQUITY, filed in the Supreme Judicial Court on November 21, 1910, and amended on February 14 and March 17, 1911. The bill, as substituted by the second amendment, is described in the opinion, where also the grounds of the defendants' demurrer are stated.

The case came on to be heard before *Loring,* J., on an agreement of the plaintiff to abide by the bill substituted by his second amendment and to have the bill dismissed if the demurrer was

sustained. At the request of both parties the justice reserved the case for determination by the full court.

The case was submitted on briefs at the sitting of the court in March, 1911, to *Knowlton*, C. J., *Morton, Hammond, Braley*, & *Rugg*, JJ., and afterwards was submitted on briefs to all the justices then constituting the court except *Loring*, J.

*C. L. Bremer*, trustee, *pro se.*

*F. W. Grinnell, K. Howes & J. M. Maguire*, for the defendants.

RUGG, C. J. This is a suit in equity brought on November 21, 1910, by trustees under the will of Francis W. Sayles against trustees under the will of Thomas Haviland. Its purpose is to recover $886.60 paid from moneys of the Sayles Trust on July 15, 1902, by Charles F. Berry, who was then the sole trustee under each will, for taxes due from the Haviland trust. Berry was an embezzler from several estates of which he was trustee. His wrongdoing was not discovered until March, 1905. But it is alleged in the bill that the plaintiffs did not know of the fraudulent use of the money of the Sayles trust for the taxes of the Haviland trust until late in the year 1906. The defendants demur on the grounds of lack of equity, the statute of limitations, and laches.

1. The bill is framed in substance upon *Newell* v. *Hadley*, 206 Mass. 335, and avoids the ground upon which *Craft* v. *South Boston Railroad*, 150 Mass. 207, was decided. The facts of the present case are indistinguishable in their essence from those on which in *Newell* v. *Hadley* relief in equity was given. That case was decided after great consideration, and the principle there established must be taken to be the law of this Commonwealth. That principle is that where a trustee of several estates steals money from one, with which to pay the debts of another, the latter, having been unjustly enriched at the expense of the former, may be required in equity to make restitution. On the authority of *Newell* v. *Hadley* the bill is not demurrable for want of equity.

2. It is plain that the liability of the Haviland trust to the Sayles trust grows out of an implied or constructive obligation, and does not rest upon an express trust. To such an obligation the statute of limitations is a bar in equity as well as at law.

*Farnam* v. *Brooks*, 9 Pick. 212. It is an underlying principle in the application of the statute of limitations that before it can begin to run there must be some one in existence by whom, and a different person against whom, the claim may be enforced. The statute implies that such persons are in being, and, if they are not, there is no room for its operation. It is the general rule that where one person represents both sides of conflicting claims the statute does not run. *Burrell* v. *Egremont*, 7 Beav. 205, 235. *Topham* v. *Booth*, 35 Ch. D. 607, 611. *In re Hawes*, 62 L. J. Ch. 463. *Lister* v. *Pickford*, 34 L. J. Ch. (N. S.) 582. *Mills* v. *Borthwick*, 35 L. J. Ch. 31. *Gray* v. *Quicksilver Mining Co.* 68 Fed. Rep. 677. See *East Stonehouse Urban District Council* v. *Willoughby Brothers*, [1902] 2 K. B. 318, 333-335. Berry represented both estates from 1902 to 1905. The beneficiaries under the trusts during this period could not have instituted proceedings in the name of the estates. Berry held the legal title to the several estates, and was the only person who could represent them. It is perhaps legally possible that Berry might have brought a suit in equity seeking to have the results of his thefts apportioned among the estates he had defrauded. *Eastman* v. *Wright*, 6 Pick. 316. *Wall* v. *Old Colony Trust Co.* 174 Mass. 340, and cases cited. *Homer* v. *Wood*, 11 Cush. 62. But as a practical proposition, legal or equitable rights ought not to be predicated upon the theoretical possibility that an embezzler before his detection may seek a court of equity for the adjustment among his victims of the frauds he has perpetrated. Having regard to the characteristics of human nature, such a proceeding is almost, if not quite, inconceivable. It is not a substantial basis upon which to start the running of the statute of limitations. The present suit, having been commenced within six years after the discovery of the embezzlements of Berry, in the opinion of a majority of the court, is not barred.

3. As the statute of limitations is not a defense, there is no occasion for invoking the doctrine of laches. It does not appear on the face of the bill.

*Demurrer overruled.*