JOHN C. LEGGAT, Judge of Probate, *vs.* FRANCIS E. BOWKER, · executor.

Middlesex.　January 8, 1930. — March 3, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Limitations, Statute of. Executor and Administrator,* Affidavit of notice. *Trust,* Trustee's probate bond. *Evidence,* Competency.

The statute of limitations, G. L. c. 197, § 9, does not bar an action, brought on a petition of the trustee under a will against the executor of the will of one who was the plaintiff's predecessor as such trustee, upon the probate bond of the defendant's testator as such trustee, although the action was not begun until four years and eleven months after the filing of the bond of the defendant executor, if it appears that, until the last eleven months and eleven days of that period, there had been for ten days after the defendant was appointed executor no trustee who as trustee could petition for the bringing of the action against the defendant as executor and during the rest of the period the defendant had been both the trustee having the claim and the executor of the will of the person against whose estate the claim was made.

In the circumstances above described, the short statute of limitations did not begin to run until the appointment of the petitioner as trustee to succeed the defendant.

An affidavit by an executor, filed in the Probate Court, that he gave due notice of his appointment within three months thereafter, is admissible to prove such notice under G. L. c. 195, § 2, although the affidavit was not filed in the Probate Court until more than eleven months after the appointment.

CONTRACT upon the probate bond of a trustee under a will. Writ dated February 20, 1929.

In the Superior Court, the defendant filed the plea in abatement described in the opinion. The plea was heard by *Fosdick,* J., and was sustained. The plaintiff alleged exceptions.

*R. G. Boyd,* for the plaintiff.

*H. R. Bygrave,* for the defendant.

CARROLL, J.　This action of contract is on the probate bond of Francis E. Bowker, Sr., as trustee under the will of Edwin Bowker. The date of the writ is February 20,

1929. The defendant is the executor of the will of Francis E. Bowker, Sr., the principal of the bond. The action is brought in the name of the judge of probate pursuant to the petition of the present trustees under the will of Edwin Bowker.

The plaintiff's bill of particulars sets out that the defendant was appointed executor of the will of Francis E. Bowker, Sr., on March 20, 1924, and gave bond as such; that all of the accounts of Francis E. Bowker, Sr., as trustee under the will of Edwin Bowker have not been settled in the Probate Court; that the present trustees were appointed March 9, 1928. The defendant filed a plea in abatement alleging that the defendant was appointed executor of the will of Francis E. Bowker, Sr., on March 20, 1924, and gave bond, and also gave due notice of his appointment; that it appeared from the plaintiff's declaration and bill of particulars that this action was brought more than one year from the time of the defendant's giving bond; and that the defendant should not be held to answer in this action. In the Superior Court the defendant's plea was sustained; to this ruling the plaintiff excepted.

At the hearing on the plea in abatement the defendant offered in evidence copy of "an affidavit [of notice] hereto annexed and made part hereof." The plaintiff objected to this evidence on the ground that the affidavit, not having been filed until more than eleven months after the defendant was appointed, was not admissible in evidence under G. L. c. 195, §§ 1 and 2. This evidence was admitted subject to the plaintiff's exception. The plaintiff offered in evidence a copy of the decree appointing the defendant trustee as successor to Francis E. Bowker, Sr., a copy of the resignation of the defendant as trustee accepted by the Probate Court on March 9, 1928, and a certificate of the Probate Court showing its decree appointing the present trustees under the will of said Edwin Bowker. All of this evidence was excluded and the plaintiff excepted. The plaintiff offered to prove that the excluded documents would show that though the present action was brought more than one year subsequent to the

approval of the defendant's bond, the action was seasonably brought since from March 20, 1924, when the defendant's bond as executor was approved, to April 1, 1924, when the defendant was appointed trustee, there was no trustee under the will of Edwin Bowker; and that from April 1, 1924, to March 9, 1928, when the defendant's resignation as trustee was accepted, the trustee under said will was the defendant — "the same individual as was throughout said period executor of the will of Francis E. Bowker Sr."

The defendant contends that as he was appointed executor of the will of Francis E. Bowker, Sr., (who had been trustee under the will of Edwin Bowker) on March 20, 1924, gave bond on that date, and gave due notice of his appointment as executor, the plaintiff is barred by the short statute of limitations, this action not having been brought within one year from the time the bond was given. G. L. c. 197, § 9. The plaintiff's contention on this point is that the short statute of limitations is not a bar for the reason that the defendant was appointed executor of the will of Francis E. Bowker, Sr., on March 20, 1924; that the evidence excluded showing the appointment of the defendant as trustee under the will of Edwin Bowker as successor to Francis E. Bowker, Sr., on April 1, 1924, was admissible, as it would show that the defendant was at the same time trustee under the will of Edwin Bowker and the executor of the former trustee, Francis E. Bowker, and as he held both offices the short statute of limitations was not a bar; that as the same individual is the trustee of the estate having the claim and the executor of the estate against whom the demand is made, the judge should have admitted the evidence and overruled the plea.

If from April 1, 1924, to March 9, 1928, the defendant was trustee of the estate making the claim, as the plaintiff offered to show, and as the defendant was appointed executor of Francis E. Bowker, Sr., on March 20, 1924, the defendant until March 9, 1928, represented both estates. He was the trustee of the claimant estate and was the legal representative of the one against whom the claim was made.

He represented both estates and was the person by whom and against whom legal proceedings for recovery were to be brought. In such circumstances the statute of limitations does not run. It was said in *Bremer* v. *Williams*, 210 Mass. 256, at page 258: "It is an underlying principle in the application of the statute of limitations that before it can begin to run there must be some one in existence by whom, and a different person against whom, the claim may be enforced. The statute implies that such persons are in being, and, if they are not, there is no room for its operation." Whatever rights the executor and trustee had in equity, the trustee could not bring an action at law against himself. *Eastman* v. *Wright*, 6 Pick. 316. *Homer* v. *Wood*, 11 Cush. 62. *Bremer* v. *Williams, supra.* See in this connection *Guinther* v. *Philadelphia & Reading Railway*, 1 Fed. Rep. (2d) 85; *Collier* v. *Goessling*, 160 Fed. Rep. 604; *Peyton* v. *Chase County National Bank*, 124 Kans. 763; *State* v. *Northrop*, 93 Conn. 558.

The statute did not begin to run until the appointment of a trustee by whom the action could be brought. The evidence showing the appointment of the defendant trustee as successor to Francis E. Bowker, Sr., his resignation on February 25, 1928, and the appointment of the present trustees on March 9, 1928, should have been admitted; it was error to exclude this evidence. If the defendant admitted these facts, his plea should not have been sustained. We find nothing in conflict with what is here decided in the decisions cited by the defendant.

The affidavit showing that notice of the defendant's appointment as executor was given within three months from March 20, 1924, was admitted properly. The affidavit of notice was not inadmissible because it was not filed until more than eleven months after the appointment. By G. L. c. 195, § 2, an affidavit of the executor or of a person in his behalf filed and recorded with a copy of the notice in the registry of probate "shall be admitted as evidence of the time, place and manner in which the notice was given." There is nothing in the statute requiring the filing of the affidavit within a time specified. By earlier laws a time

was fixed within which the affidavit of notice was to be filed. St. 1788, c. 66, enacted that if within seven months after undertaking the trust the executor or administrator filed an affidavit of notice, the affidavit so filed with a copy of the notice in the Probate Court should be admitted as evidence of the time, place and manner of notice. By St. 1831, c. 145, Laws of Massachusetts (1828–31), page 714, the time was extended to one year from the date of the appointment. See Pub. Sts. c. 132, § 2; Gen. Sts. c. 97, § 2. By St. 1888, c. 148, § 1, the time limit was abolished, thus amending Pub. Sts. c. 132, § 2, which provided for the filing of the affidavit one year after the appointment, and the law enacted in St. 1888, c. 148, § 1, is the law today as found in G. L. c. 195, § 2. The affidavit of notice, therefore, was admitted properly; it was not inadmissible because not filed until more than eleven months after the date of giving bond.

The refusal to admit the evidence offered by the plaintiff and the ruling sustaining the defendant's plea in abatement were erroneous.

*Exceptions sustained.*