ANITA DOUGLAS LINEBACK BY HER GUARDIAN *AD LITEM,* SARA L. HUTCHENS v. JUNE DOUGLAS STOUT

No. 8523SC284

(Filed 4 February 1986)

**1. Trusts § 6.1— discretionary trust—court order to expend funds improper**

    The trial court erred in requiring respondent to expend funds from a testamentary trust for the general welfare, support, maintenance and benefit of petitioner since the testator, in granting respondent the power to distribute the trust income or principal, referred to the "sole judgment" or "discretion" of respondent six times, thereby indicating his intent that the trust be discretionary, and testator also used the adjectives "absolute" and "uncontrollable" to describe the discretion vested in respondent, further emphasizing the

discretionary nature of the power granted respondent and evidencing his intent to vest wide discretion in her.

2. **Trusts § 6.1— discretionary trust—obligation of trustee to carry out intent of testator**

Though the language and terms of a trust clearly indicated that it was discretionary, respondent trustee was under a duty to exercise her judgment reasonably to carry out the intent of the testator.

3. **Trusts § 6.1— discretionary trust—testator's intent**

In order to effectuate testator's intent that trust funds be used to provide supplemental rather than total support for petitioner and that the trust corpus might not be completely exhausted during petitioner's lifetime, respondent's power to distribute trust funds to petitioner must be interpreted as discretionary, since the trust fund would rapidly be depleted and the testator's intent would be thwarted if respondent's power was interpreted as mandatory.

APPEAL by respondent from *Rousseau, Judge.* Judgment entered 26 October 1984 in WILKES County Superior Court. Heard in the Court of Appeals 5 November 1985.

This is a civil action wherein petitioner seeks to remove respondent as trustee of the trust established under the will of P. E. Douglas for petitioner's maintenance and support or, in the alternative, to require respondent to expend funds from the trust for her maintenance and support. The will, in pertinent part, provides:

### ARTICLE IV.

. . . and One-third of said [residuary] estate to June Douglas Stout, Trustee for Anita Douglas Lineback, in trust for the uses and purposes hereinafter set forth, and I direct that the said trust estate . . . shall be administered and disposed of upon the following terms and provisions . . .:

*Section 1.* I direct that during the lifetime of my daughter, Anita Douglas Lineback, the net income and so much of the principal as shall be necessary for the general welfare, support, maintenance and benefit of my said daughter, in the absolute and uncontrolable [sic] discretion of my said trustee, shall be paid over to my said daughter, Anita Douglas Lineback, or applied to or for her benefit in such amounts and at such times as my trustee in her discretion shall determine. And I further direct that said trustee, in her absolute discretion, may apply so much of the net income or

principal of said trust estate as she shall deem necessary to or for the benefit of the minor children of Anita Douglas Lineback, in the event of extreme medical emergency of said children, the existence of which shall be determined solely by my trustee, and in her sole discretion.

Upon the death of my daughter, Anita Douglas Lineback, so much of the principal of said trust estate as shall remain in the hands of the trustee shall be transferred and delivered, discharged of the trust, to such appointee or appointees as shall be named and appointed by Matthew Ward Poindexter, Jr. in such amounts or proportions and upon such terms and conditions as the said Poindexter shall appoint and direct. . . .

If, in the sole judgment of my trustee, at anytime during the administration of this trust the net income available for payment to the beneficiary of this trust, supplemented by income available to said beneficiary from other sources, shall not be sufficient to meet the reasonable needs of said beneficiary, then and in that event, I authorize my trustee to pay to or apply for the benefit of said beneficiary so much or all of the principal of the trust for said beneficiaries my trustee in its sole discretion shall from time to time deem requisite or desirable under the then existing circumstances.

In her petition filed 14 June 1983, Anita Lineback through her *guardian ad litem* alleged: that she suffers from multiple sclerosis, tic douloureux, diabetes and kidney disease; that she has been living in a nursing home for ten years; that she is totally and permanently disabled and needs constant medical care; that aside from her interest in her trust fund she has exhausted all of her funds and properties; that she began receiving medical assistance from the Department of Social Services in 1968 which was first used to defray her medical expenses while living at home; that when she was moved to a nursing home in 1973, the medical assistance was used to pay her nursing home medical bills; and that the medical assistance which she had been receiving from the Department of Social Services was terminated on 1 June 1983 because she had excess revenues due to the funds in the trust. Petitioner further alleged that respondent had willfully and wantonly refused to pay any sums from the trust fund to the nursing

home on behalf of petitioner, thereby violating her fiduciary duty as trustee.

In her response to the petition, June Stout admitted that petitioner is confined to a nursing home due to her illnesses and that she is unable to pay the resulting bills from her own funds. Respondent also admitted that she had refused to pay these bills but denied that her refusal was willful and wanton or that it constituted a violation of her fiduciary duty. Respondent alleged that the trust created in the will is discretionary, that therefore the court has no authority to require her to exercise her discretion in the manner requested by petitioner and that she has administered her duties as trustee in accordance with the terms of the trust and the instructions given her by the testator prior to his death.

The superior court concluded that respondent as trustee is authorized and required by the terms of the trust to pay the net income from the trust and to disburse any or all of the principal of the trust to petitioner or for her benefit when such payment or disbursement is necessary for the general welfare, support, maintenance and benefit of petitioner and that the cost of the nursing home care is necessary for the general welfare, support, maintenance and benefit of petitioner for so long as she requires such care. The court ordered respondent to pay from the trust assets such sums as shall be necessary and reasonable for the general welfare, support, maintenance and benefit of petitioner, including but not limited to the cost of nursing home care and to prepare for petitioner or her guardian an annual report of the receipts and expenditures of the trust. From the judgment of the superior court, respondent appealed.

*Zachary, Zachary & Harding, by Benjamin H. Harding, Jr., for petitioner.*

*Pettyjohn, Molitoris & Connolly, by H. Glenn Pettyjohn, for respondent.*

WELLS, Judge.

Respondent argues that it was the testator's intention in Article IV of his will to create a discretionary trust wherein payments to petitioner were to be in the sole discretion of the

trustee and that the superior court erred in ruling to the contrary. A discretionary trust is a trust wherein the trustee is given the discretion to determine whether and to what extent to pay or apply trust income or principal to or for the benefit of a beneficiary. Bogert, *The Law of Trusts and Trustees* § 228 (rev. 2d ed. 1979); Scott, *The Law of Trusts* §§ 128.3, 155 (3d ed. 1967). *Accord* N.C. Gen. Stat. § 36A-115(b)(1) (1984).[1] Under a true discretionary trust, the trustee may withhold the trust income and principal altogether from the beneficiary and the beneficiary, as well as the creditors and assignees of the beneficiary, cannot compel the trustee to pay over any part of the trust funds. Bogert, *supra;* Scott, *supra,* at § 155. A trust wherein the trustee has discretion only as to the time or method of making payments to or for the benefit of the beneficiary is not a true discretionary trust. Bogert, *supra;* Scott, *supra.*

Whether a trust is a discretionary one naturally depends upon the nature of the powers conferred upon the trustee, that is, whether the powers are mandatory or discretionary, and if discretionary, the extent of the discretion afforded the trustee. In determining the nature of the powers conferred upon a trustee, we are guided by the following:

> The powers of a trustee are either mandatory or discretionary. A power is mandatory when it authorizes and commands the trustee to perform some positive act . . . . A power is discretionary when the trustee may either exercise it or refrain from exercising it, . . . or when the time, or manner, or extent of its exercise is left to his discretion. [Citations omitted.]

*Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639 (1951). The court further explained:

> The court will always compel the trustee to exercise a mandatory power. . . . It is otherwise, however, with respect to a discretionary power. The court will not undertake to control the trustee with respect to the exercise of a discre-

---

1. G.S. 36A-115, which defines a discretionary trust, became effective on 1 October 1979 and applies only to trusts created on or after that date. 1979 N.C. Sess. Laws, ch. 180. Since the trust in the present case was created prior to 1 October 1979, it is not subject to the provisions of that statute.

tionary power, except to prevent an abuse by him of his discretion. The trustee abuses his discretion in exercising or failing to exercise a discretionary power if he acts dishonestly, or if he acts with an improper even though not a dishonest motive, or if he fails to use his judgment, or if he acts beyond the bounds of a reasonable judgment. [Citations omitted.]

*Id.*

Whether a power is mandatory or discretionary depends upon the intent of the settlor as evidenced by the terms of the trust. *See* Bogert, *supra*, at § 552; Scott, *supra*, at § 187. The intent of a settlor is determined by the language he chooses to convey his thoughts, the purposes he seeks to accomplish and the situation of the parties benefitted by the trust. *Davison v. Duke University*, 282 N.C. 676, 194 S.E. 2d 761 (1973). Use by the settlor of words of permission or option, or reference to the discretion of the trustee, in describing the trustee's power, indicates that the settlor intended that the power be discretionary, whereas use of directive or commanding language indicates that a mandatory power was intended. *See* Bogert, *supra*, at § 552. *Compare Woodard v. Mordecai, supra*, and *First National Bank of Catawba County v. Edens*, 55 N.C. App. 697, 286 S.E. 2d 818 (1982) (discretionary power) *with Kuykendall v. Proctor*, 270 N.C. 510, 155 S.E. 2d 293 (1967) (mandatory duty). Where the power is discretionary, the extent of the discretion given the trustee may be enlarged by use of adjectives such as "absolute" and "uncontrolled." *Davison v. Duke University, supra*.

[1] The language of the testamentary trust in the present case clearly indicates that the testator intended for the power given respondent as trustee to be discretionary. The testator, in granting respondent the power to distribute the trust income or principal, referred to the "sole judgment" or "discretion" of respondent *six* times. Such language is used both with reference to the net income and the principal of the trust, thus indicating that the testator intended for respondent to have discretion regarding the distribution of both. This is made particularly clear by the fact the testator referred to respondent's discretion twice in the first sentence of the trust provisions—the first time possibly referring only to the trust principal but the second time

apparently referring to both the net income and the principal of the trust. That respondent's power is discretionary is also shown by the fact the testator authorized respondent to pay the trust income or principal to or for the benefit of petitioner but did not command or require her to do so. Rather, the testator directed respondent to exercise her discretion regarding the distribution of the trust funds. The testator's use of the adjectives "absolute" and "uncontrolable" [sic] to describe the discretion vested in respondent further emphasizes the discretionary nature of the power granted respondent and evidences the testator's intent to vest wide discretion in respondent. To hold that respondent's power to distribute trust income or principal to petitioner is mandatory, as did the superior court in effect, we would have to ignore totally the references made by the testator to respondent's discretion in setting forth that power. This we cannot and will not do.

[2]   The language and terms of the trust further show that the discretion vested in respondent extends to whether and to what extent to pay the trust income or principal to or for the benefit of petitioner. The amount of trust income or principal to be expended for petitioner's benefit is to be determined by respondent in her sole discretion. We emphasize, however, respondent's duty to exercise her judgment reasonably to carry out the intent of the testator. *Woodard v. Mordecai, supra.*

[3]   The terms of the trust also show that the testator intended for the trust funds to be used to supplement, rather than supplant, the financial assistance which petitioner was receiving from the Department of Social Services. Petitioner was receiving the Department's financial assistance at the time the testator executed his will. The testator was apparently referring to that assistance when he provided for respondent's consideration of "income available to [petitioner] from other sources" in determining whether to distribute trust principal to petitioner. Such provision certainly tends to show that the testator did not intend for the trust funds to be used as a substitute for the public assistance. *Accord Zeoli v. Commissioner of Soc. Serv.*, 179 Conn. 83, 425 A. 2d 553 (1979). The creation of the trust for "the lifetime" of petitioner and the provision for the distribution of the trust corpus remaining upon petitioner's death also reveal the testator's intent that the trust funds be used to provide supplemental, rather than

total, support for petitioner. *Accord Tidrow v. Dir., Mo. State Div. of Fam. Serv.*, 688 S.W. 2d 9 (Mo. App. 1985). These terms of the trust show that the testator intended and anticipated that the trust corpus might not be completely exhausted during petitioner's lifetime. *Id.* In order to effectuate this intent, respondent's power to distribute the trust funds to petitioner must be interpreted as discretionary. If respondent's power is interpreted as mandatory, the trust fund will be rapidly depleted and the testator's intent will be thwarted.

We conclude that the testamentary trust is a discretionary one and that therefore the superior court erred in requiring respondent to expend funds from the trust for the general welfare, support, maintenance and benefit of petitioner. The judgment of the superior court is

Reversed.

Chief Judge HEDRICK and Judge EAGLES concur.