HAROLD R. HOKE AND FRANCES C. HOKE v. E. F. HUTTON AND COMPANY, INC.

No. 8726SC1211

(Filed 16 August 1988)

1. **Appeal and Error § 6.2— dismissal of only one claim—substantial right affected—appealability**

   The trial court's order dismissing plaintiffs' allegations of violations of the federal "Racketeer Influenced and Corrupt Organizations Act," though not final as to all claims, was nevertheless immediately appealable, since a plaintiff has a substantial right to have all claims for relief tried simultaneously before the same judge and jury.

2. **Courts § 5— federal law—state court's jurisdiction concurrent with federal court's jurisdiction**

   The trial court erred in dismissing plaintiffs' claims alleging violations of the federal "Racketeer Influenced and Corrupt Organizations Act" on the ground that it lacked subject matter jurisdiction, since there is a presumption that the state courts have concurrent jurisdiction with the federal courts in RICO actions; there is no Congressional provision mandating exclusive federal jurisdiction; and there is no disabling incompatibility between the federal claim and state court adjudications.

3. **Brokers and Factors § 4— check-kiting scheme—no relation to investment losses—RICO claim properly dismissed**

   Plaintiffs failed to state a claim under the federal "Racketeer Influenced and Corrupt Organizations Act," since their allegation that defendant engaged in a check-kiting scheme could not serve as a "predicate act" for their claim because there was no relation shown between the check-kiting and their enormous loss on their investment with defendant.

PLAINTIFFS appeal from *Snepp, Frank W., Jr., Judge.* Judgment entered 17 September 1987 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 6 June 1988.

This appeal stems from an action involving alleged violations of state and federal securities laws. Plaintiffs' initial Complaint filed November 1983 alleged a cause of action for misrepresentation and breaches of contract and fiduciary duty. Plaintiffs later took a voluntary dismissal on 9 August 1985. The present action was filed on 4 August 1986 which renewed the allegations contained in the 1983 complaint and also included allegations of violations of the federal "Racketeer Influenced and Corrupt Organizations Act" (RICO) 18 U.S.C. § 1961, *et seq.* Defendant moved to dismiss the action pursuant to Rules 12(b)(1) and 12(b)(6) of the N.C. Rules of Civil Procedure, N.C. Gen. Stat. § 1A-1, Rule 12(b). The trial court granted the motion as to Counts 3, 4 & 5 of plaintiffs' Amended Complaint by Order dated 17 September 1987 which dismissed plaintiffs' RICO claim. Plaintiffs' remaining claims of breach of contract, breach of fiduciary duty, and misrepresentation are still pending before the Superior Court. From the grant of defendant's Motion to Dismiss, plaintiffs have appealed.

*Gillespie, Lesesne & Connette, by Louis L. Lesesne, Jr.; and Elam, Seaford & McGinnis, by William H. Elam, for plaintiffs-appellants.*

*Kennedy, Covington, Lobdell & Hickman, by Edgar Love, III, for defendant-appellee.*

COZORT, Judge.

[1] The trial court's Order dismissing only Counts 3, 4 & 5 of plaintiffs' Amended Complaint, not being final as to all claims, *see* N.C. Gen. Stat. § 1A-1, Rule 54(b) of the N.C. Rules of Civil Procedure, requires us to determine whether the trial court's Order was immediately appealable. Given our Supreme Court's construction of Rule 54(b) in *Ostreicher v. Stores,* 290 N.C. 118, 225 S.E. 2d 797 (1976) establishing the rule that a plaintiff has a substantial right to have all claims for relief tried simultaneously before the same judge and jury, we hold that plaintiffs' appeal is properly before us.

[2] Plaintiffs first contend that the trial court erred in dismissing the RICO claims on the basis of Rule 12(b)(1), *i.e.*, that the trial court lacked subject matter jurisdiction over the RICO claims. Although we note that defendants have, in their brief on appeal, conceded the jurisdiction issue, we nevertheless choose to address this issue.

While the decisions are split on the question of federal versus state jurisdiction in RICO actions, *see Brandenburg v. First Maryland Sav. & Loan, Inc.*, 660 F. Supp. 717 (D.Md. 1987), in light of the U.S. Supreme Court's decision in *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 69 L.Ed. 2d 784, 101 S.Ct. 2870 (1981), we find persuasive those cases which have found the state courts' jurisdiction to be concurrent with that of the federal courts. *Lou v. Belzberg*, 834 F. 2d 730 (9th Cir. 1987), *cert. denied*, --- U.S. ---, 99 L.Ed. 2d 512, 108 S.Ct. 1302 (1988); *Brandenburg*, 660 F. Supp. at 717; *Village Imp. Ass'n of Doylestown v. Dow Chemical*, 655 F. Supp. 311 (E.D. Pa. 1987). The general rule in RICO and similar federal actions presumes concurrent jurisdiction over federal claims as between state and federal courts. This presumption, however, may be rebutted only by showing the existence of a Congressional provision establishing sole federal jurisdiction, a clear implication of exclusivity from the relevant legislative history or a "disabling incompatibility between the federal claim and state court adjudication." *Gulf Offshore*, 453 U.S. at 477-78, 69 L.Ed. 2d at 791, 101 S.Ct. at 2875; *cf., Belzberg*, 834 F. 2d at 738.

The Record and our research reveals no evidence of a Congressional provision mandating exclusive federal jurisdiction nor can we find any relevant legislative history indicating the same. Finally, we can find no potential for incompatibility as state court judges should be equally as adept at adjudication of RICO actions especially where the predicate acts or racketeering activities are comprised of what amount to state actions, *i.e.*, fraud, misrepresentation, breach of contract, etc. Because defendant has not attempted to rebut this presumption in its appeal and more importantly because we agree with the reasoning of the *Belzberg* Court, we hold that the trial court erred in granting defendant's motion as based on Rule 12(b)(1).

[3] Defendant also moved to dismiss Counts 3, 4 & 5 of the Amended Complaint under Rule 12(b)(6) for failing to state a claim for relief. Because we find that plaintiffs have failed to sufficient-

ly allege a nexus between the racketeering activity or predicate act as required by § 1962(c), and their investment loss, we hold that the trial court properly dismissed plaintiffs' RICO claim.

In their Amended Complaint, plaintiffs set forth the following facts: In October 1980, defendant's agents contacted plaintiffs and suggested that plaintiffs transfer money secured by a stock account, which at that time was invested with defendant, to a commodity account. Plaintiffs allege that in reliance on defendant's representations that the manager of the commodity account held excellent credentials and that plaintiffs could expect to earn a return of 40%, plaintiffs authorized the transaction through a Power of Attorney. Thereafter defendant's agent made an excessive number of transactions in a short time period which generated larger commission fees for defendant at a substantial loss to plaintiff.

Contemporaneously, from July 1980 to February 1982, defendant company had been involved in an enormous check-kiting scheme which had artificially inflated the market price of defendant's common stock on which plaintiffs relied. Plaintiffs were unaware of this scheme until May 1985 when defendant pled guilty to 2,000 counts of federal wire and mail fraud charges. During the period in which the check-kiting scheme took place, defendant continued to file annual and periodic reports with the SEC and other public agencies which perpetuated the defendant's image as a "law abiding and well-run enterprise." Plaintiffs claim that they had relied on this reputation when they agreed to make the transfer to the commodities account.

Plaintiffs alleged in Counts 3 through 5 that defendant's check-kiting scheme gave rise to a pattern of racketeering which affected interstate commerce. Further, plaintiffs alleged that such activity artificially inflated the price of defendant's common stock and induced plaintiffs' reliance on defendant thereby allowing the stock churning incident to occur. As a result of the stock churning, plaintiffs sustained an enormous loss on their investment. This argument is specious at best.

Title 18 of the U. S. Code, Chapter 96 was designed to prevent and punish corrupt business practices evidenced by patterns of racketeering, and particularly derived from organized crime, which affected interstate commerce. *United States v. Lemm*, 680

F. 2d 1193 (8th Cir. 1982), *cert. denied,* 459 U.S. 1110, 74 L.Ed. 2d 960, 103 S.Ct. 739 (1983); *United States v. Sutton,* 605 F. 2d 260, *vacated on other grounds,* 642 F. 2d 1001, *cert. denied,* 453 U.S. 912, 69 L.Ed. 2d 995, 101 S.Ct. 3144 (1981). To effectuate this purpose, in part, Congress provided for a private cause action set forth at § 1964(c) which provides:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court . . . .

In order to adequately state a claim under § 1964, plaintiff must at a minimum allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity," otherwise known as a "predicate act." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 87 L.Ed. 2d 346, 105 S.Ct. 3275 (1985). In addition, plaintiff must also show, and can only recover to the extent that, the injury in his business or property has been caused by the "conduct constituting the violation (of § 1962)," or the predicate act. But plaintiffs in the case *sub judice* fail to show that defendant's check-kiting scheme directly or indirectly "injured" their investments. We see no connection between defendant's stock churning activity and the defendant's two and one-half year check-kiting scheme. Plaintiffs' argument that the injury arose from the check-kiting scheme is meritless.

We find ample support for our position in a recent New York decision, *Zerman v. E. F. Hutton & Co., Inc.,* 628 F. Supp. 1509, 1512 (S.D.N.Y. 1986) where on similar facts the court stated:

> [T]he allegation that Hutton engaged in an overdrafting scheme can not serve as a predicate act for plaintiff's RICO claim (based on misrepresentations regarding the purchase of securities) because there is no relation between plaintiff's claim and the check overdrafting . . . .

We therefore hold that plaintiffs have failed to state a claim for relief under 18 U.S.C. § 1964(c) and we affirm the trial court's dismissal pursuant to Rule 12(b)(6).

Affirmed as to the Rule 12(b)(6) motion.

Judges BECTON and PHILLIPS concur.