WATSON ELECTRICAL CONSTRUCTION CO., Plaintiff v. CITY OF WINSTON-SALEM, P.J. DICK CONTRACTING, INC., and CRUTCHFIELD PLUMBING AND HEATING COMPANY, INC., Defendants and CITY OF WINSTON-SALEM, Defendant and Third-Party Plaintiff v. CRUTCHFIELD PLUMBING AND HEATING COMPANY, INC.; ELLERBE BECKET, INC., formerly ELLERBE ASSOCIATES, INC.; HARTFORD ACCIDENT AND INDEMNITY COMPANY; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; and CONTINENTAL CASUALTY COMPANY, Third-Party Defendants and P.J. DICK CONTRACTING, INC., Defendant and Third-Party Plaintiff and AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, and CONTINENTAL CASUALTY COMPANY, Third-Party Defendants and Third-Party Plaintiffs v. CRUTCHFIELD PLUMBING AND HEATING COMPANY, INC., and DEE SHORING COMPANY, INC., Third-Party Defendants and P.J. DICK CONTRACTING, INC., Defendant and Cross-Plaintiff v. CITY OF WINSTON-SALEM, Defendant and Cross-Defendant

No. 9221SC176

(Filed 2 March 1993)

1. **Contracts § 144 (NCI4th)— breach of construction contract— unreasonable denial of time extension—genuine issue of material fact**

The trial court erred in granting summary judgment for defendant city on plaintiff prime contractor's claim for damages for breach of a coliseum construction contract based on the unreasonable refusal of the city's architect to grant plaintiff a time extension where the contract clause regarding the architect's power to grant extensions is ambiguous as to the extent of the architect's discretion; plaintiff alleged that the city's changes in work orders and the failure of its project scheduler to properly coordinate the project significantly delayed the general contractor, which in turn delayed plaintiff and caused plaintiff to seek a time extension; the architect's denial of the extension caused plaintiff to incur acceleration costs consisting of additional manpower and overtime; and it was for the jury to determine whether plaintiff's remedy for delay was limited by the contract to time extensions.

**Am Jur 2d, Contracts §§ 201, 531; Summary Judgment § 27.**

2. **Municipal Corporations § 405 (NCI4th)— contract action against city—notice of claim**

Where a construction contract does not state what constitutes adequate notice of a claim for an increase in the con-

tract price, plaintiff's forecast of evidence that it provided timely written notice to defendant city's architect that it needed a change work order for extra time or it would incur acceleration costs for which it expected to be compensated was sufficient to raise a genuine issue of material fact regarding the sufficiency of notice given by plaintiff.

**Am Jur 2d, Municipal Corporations § 739.**

3. **Municipal Corporations § 405 (NCI4th) — construction contract — damages for delays — timely notice not given — condition precedent to recovery**

The trial court properly granted summary judgment for defendant city on defendant general contractor's claim for damages for delays caused by the city and those for whom it was responsible, since defendant contractor did not give timely notice that it was damaged by the city's delay, and timely notice was a condition precedent to recovery.

**Am Jur 2d, Municipal Corporations § 691.**

Appeals by plaintiff and defendant P.J. Dick Contracting, Inc. from judgment entered 9 October 1991 in Forsyth County Superior Court by Judge Peter W. Hairston. Heard in the Court of Appeals 1 February 1993.

Plaintiff instituted this action against defendants City of Winston-Salem (hereinafter the City) and P.J. Dick Contracting, Inc. (hereinafter P.J. Dick), seeking damages for breach of contract. Defendant P.J. Dick filed a cross-claim against the City for indemnity and for affirmative relief for damages based on the liability of one of the City's separate contractors. The pertinent factual and procedural history is as follows:

In March 1987, plaintiff and P.J. Dick entered into a contract with the City for the construction of Lawrence Joel Veterans Memorial Coliseum in Winston-Salem. Plaintiff was one of four prime contractors on the project including defendant P.J. Dick, which was the general contractor. Plaintiff's and P.J. Dick's contracts with the City, as well as the contracts of the other prime contractors, provided that construction on the Coliseum was to be completed within 24 months of the Notice to Proceed from the City, making the contract completion date 30 April 1989. The

project, however, was not completed until 28 September 1989, some five months later.

Under the contract, defendant P.J. Dick was assigned to coordinate all of the multiple prime contractors and prepare the project schedule. All prime contractors agreed to organize and perform their work in compliance with the project schedule. The contract provided extension of a prime contractor's time for completion if the progress of its work was delayed by any act or neglect of any other prime contractor, the City or the architect. Furthermore, the prime contractors agreed to accept, as a remedy for delay, such time extension and not damages.

After the City issued its notice to proceed with the work, it changed the contract work order protocol by employing an independent contractor, HICAPS, Inc., to prepare the progress schedule instead of P.J. Dick.

In its complaint, plaintiff asserted that the City's changes in work orders as well as its failure to properly coordinate and administer the project through its project scheduler significantly delayed the general contractor P.J. Dick, which in turn delayed plaintiff, requiring it to seek time extensions. Plaintiff alleges that the City, through its architect, breached the contract by denying plaintiff's requests for time extensions, thereby causing plaintiff to incur acceleration costs consisting of additional manpower and overtime.

Defendant P.J. Dick originally sought indemnification from the City for plaintiff's claim, but later amended its cross-claim asserting its own claim for damages. P.J. Dick alleged it should recover damages for delay caused by the City's independent project scheduler, when it devised a schedule that was significantly deficient and which allegedly misled the contractors into thinking they had more time in which to complete the project.

The City answered plaintiff's claim and P.J. Dick's amended cross-claim and thereafter filed motions for summary judgment on all claims asserted by both parties against the City. The trial court granted both of the City's motions. Plaintiff and P.J. Dick appeal.

**WATSON ELECTRICAL CONSTRUCTION CO. v. CITY OF WINSTON-SALEM**

[109 N.C. App. 194 (1993)]

*Patton, Boggs & Blow, by C. Allen Foster, Richard D. Conner and James S. Schenck, IV, for plaintiff.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by David A Senter; and Smith, Currie & Hancock, by Randall F. Hafer; for defendant P.J. Dick Contracting, Inc.*

*City of Winston-Salem Attorney's Office, by Sherry R. Dawson; and Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr. and Karen Estelle Carey; for defendant City of Winston-Salem.*

WELLS, Judge.

We note initially that this appeal is interlocutory as the judgment below did not resolve all disputes between all parties. However, it is our opinion that the appellants have a substantial right to have all their viable claims for relief heard by the same judge and jury, and therefore, we exercise our discretion to hear the appeals on their merits. *Hoke v. E.F. Hutton and Co.*, 91 N.C. App. 159, 370 S.E.2d 857 (1988).

Both plaintiff and defendant P.J. Dick assign as error the trial court's granting of summary judgment in favor of the City. Summary judgment is proper where there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. N.C. Gen. Stat. 1A-1, Rule 56(c). In ruling on a motion for summary judgment, the evidence is viewed in a light most favorable to the non-moving party. *Hinson v. Hinson*, 80 N.C. App. 561, 343 S.E.2d 266 (1986).

[1] In reviewing plaintiff's appeal, the issue is whether there is a genuine issue of material fact as to whether the City breached its contract with plaintiff, entitling plaintiff to damages. The substance of plaintiff's argument on appeal is that the City, through its architect, failed to grant time extensions, that this failure was a breach of contract, and that as a result of the City's breach, plaintiff incurred substantial damages.

Viewing the forecast of evidence most favorably to the plaintiff, the evidence tends to establish that the City ordered a change work order affecting the timeliness of the project schedule, the City and the architect failed to render decisions in a timely manner, and the general contractor failed to manage the project or complete its work in a timely fashion. Further, plaintiff could not complete

its work in an efficient, timely manner unless the work, which by necessity had to precede plaintiff's work, was completed according to schedule. Plaintiff presented evidence that the other prime contractors' disorganization and delay hindered plaintiff's work, but that despite repeated notification of this fact and contrary to the contract terms, the City and architect denied all time extension requests. The City finally conceded that plaintiff was entitled to a 92-day time extension after the date originally scheduled for project completion had passed and plaintiff had already incurred damages in attempting to comply with the schedule.

The City contends that plaintiff's sole remedy for delays under the contract is for time extensions and not damages. The "no damages for delay" provision in section 8.3.4 of the contract provides as follows:

> If the Contractor is delayed by the Owner or Architect or any Agent or employee of either, the Contractor's sole and exclusive remedy <u>for the delay</u> shall be the right to a time extension for completion of the Contract and not damages.

(Emphasis added.) The City cites various cases supporting the validity of such contract provisions. Further, the City argues that the denial of its time extensions by the architect may not be considered a delay not contemplated by the parties or active interference by the owner so as to constitute an exception to the "no damages for delay" provision.

Plaintiff, however, is not seeking damages for delay, but rather it contends that the unreasonable, unjustified refusal to grant plaintiff the time extension is a breach of the contract in itself. The question then becomes whether the refusal to grant time extensions may be the basis of plaintiff's breach of contract claim. We find that it may.

Section 8.3.1 of the contract provides as follows:

> If the Contractor is delayed at any time in the progress of the Work by any act or neglect of the Owner or the Architect, or of any Agent or employee of either, by any Separate Contractor employed by the Owner, or by changes ordered in the Work, or by strikes, lockouts, fire, unusual delay in transportation, unusually adverse weather conditions not reasonably anticipated, unavoidable casualties, or by delay authorized by the Architect pending any legal proceeding, or by any cause which the Architect shall decide justifies the delay, then the

> time of completion shall be extended for such reasonable time as the Architect may decide.

(Emphasis added.) The City contends that this section gives the architect complete and unfettered discretion to deny time extensions for completion even for justifiable delay or delays not attributable to the contractor itself. Plaintiff argues that the "shall" language makes the time extension mandatory for any one of the listed causes for delay and that the architect's discretion is limited to the length of the time extension given. In addition, plaintiff asserts that it accepted the "no damages for delay" language because it believed it would be guaranteed a time extension for certain delays. We find the contract terms to be ambiguous on their face.

> When parties use clear and unambiguous terms, a contract can be interpreted by the court as a matter of law. The contract language is given the interpretation that the parties intended at the time of formation, as discerned from their writings and actions. While the intent of the parties is at the heart of a contract, intent is a question of law where the writing is free of any ambiguity which would require resort to extrinsic evidence or the consideration of disputed fact.

*Martin v. Ray Lackey Enterprises*, 100 N.C. App. 349, 396 S.E.2d 327 (1990) (Citations omitted.) In the case before us, the intent of the parties is not a question of law for the court, but a question of fact for the jury. Section 8.3.1 may be interpreted to give the architect either complete discretion in awarding time extensions or limited discretion to determine the length of the extension once there is "justifiable" delay under the contract. Therefore, the court must resort to extrinsic evidence in resolving this dispute.

The City maintains that the "no damages for delay" provision limits plaintiff's remedy for delay to time extensions; therefore, even if plaintiff could show a breach of contract, it could not recover damages for constructive acceleration. The contract, however, does not address the question of what remedy may be had for an unreasonable denial of a time extension. It does not follow that where the denial of a time extension is the cause in fact of plaintiff's damages, that the exclusive remedy is a time extension. At this point, damages have already been incurred in the form of acceleration costs. Because the contract does not address the issue of remedy for such a breach, the question is not one of law, but must be resolved by the finder of fact interpreting the intent of the parties.

In defense, the City raises the argument that plaintiff has failed to satisfy the notice requirements, a condition precedent to recovery under the contract. Specifically, the City alleges that plaintiff failed to give timely notice of its claims, and therefore waived the claims and is estopped from asserting them.

[2] Section 7.4.2 of plaintiff's contract with the City requires that any claims against the City be made in strict accordance with section 12.3.1 of the Supplementary Conditions. Section 12.3.1 of the Supplementary Conditions of the contract provides as follows:

If the Contractor wishes to make a claim for an increase in the Contract Sum, he shall give the Architect written notice thereof within fifteen days after the occurrence of the event giving rise to such claim. . . . No such claim shall be valid unless so made.

Plaintiff's forecast of evidence shows plaintiff provided timely written notice that it needed a change work order for extra time or it would incur acceleration costs for which it expected to be compensated. The City contends that these letters sent by plaintiff do not constitute sufficient notice under the contract. Because the contract is not instructive as to what constitutes adequate notice, we find that there exists a disputed issue of material fact regarding the sufficiency of notice given to the architect.

Plaintiff has alleged facts which make out a prima facie case for breach of contract and the City has not asserted a legal defense which would prevent plaintiff from prevailing. Therefore, summary judgment against plaintiff was improper.

[3] We now address defendant P.J. Dick's cross-claim against the City. P.J. Dick alleges it was damaged by delays caused by the City and those for whom it is responsible. The City contends P.J. Dick's claims are barred by the terms of the contract, specifically citing the "no damages for delay provision" and the notice requirements as defenses.

Defendant P.J. Dick's forecast of evidence is insufficient to overcome the City's forecast that P.J. Dick failed to give timely notice of its claim as required by the contract terms. To satisfy the notice requirements, P.J. Dick should have given the architect notice that it was damaged by delay as soon as it knew of such delay or within 15 days thereafter. P.J. Dick's damages for delay were ascertainable as of the original date of completion, on 30

April 1989. P.J. Dick did not meet the 15-day window requirement, and, in fact, did not give "notice" to the City or the architect until September 1991, more than two years later. Because P.J. Dick failed to satisfy a condition precedent to recovery, it cannot prevail on its claim for damages. Therefore, summary judgment is proper. We need not reach the merits of any additional arguments regarding this claim.

Affirmed in part; reversed in part.

Judges LEWIS and JOHN concur.