BEATRICE JOHNSON INGLE v. CARNELL INGLE ALLEN, INDIVIDUALLY, CARNELL INGLE ALLEN, CO-EXECUTRIX OF THE ESTATE OF B. H. INGLE, SR., RUTH INGLE JOHNSON, INDIVIDUALLY, CARNELL INGLE ALLEN AND RUTH INGLE JOHNSON, TRUSTEES UNDER THE WILL OF B. H. INGLE, SR., W. A. JOHNSON AND MARTHA INGLE CURRIN

No. 8010SC805

(Filed 1 September 1981)

**Courts § 3— improprieties arising from administration of estate—jurisdiction of court**

In plaintiff's action to recover for breach of fiduciary duties, negligence, and fraud, all arising from administration of her husband's estate and a trust created under his will, dismissal for want of subject matter jurisdiction on the ground that the claims alleged should be brought initially before the clerk was improper, since the claims were "justiciable matters of a civil nature," original general jurisdiction over which was vested in the trial division, and though the claims arose from the administration of an estate, their resolution was not a

part of the administration, settlement or distribution of an estate so as to make jurisdiction properly exercisable initially by the clerk; moreover, inclusion by plaintiff in her complaint of matters which should have been brought initially before the clerk did not require dismissal for want of subject matter jurisdiction of the entire action. G.S. 7A-240; G.S. 28A-2-1.

APPEAL by plaintiff from *Farmer, Judge.* Judgment entered 19 August 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 11 March 1981.

Plaintiff appeals from a judgment dismissing her action for want of subject matter jurisdiction.

*Tharrington, Smith & Hargrove, by J. Harold Tharrington and Carlyn G. Poole, for plaintiff appellant.*

*Boyce, Mitchell, Burns & Smith, by Eugene Boyce and James M. Day, for defendant appellees.*

WHICHARD, Judge.

Plaintiff alleges improprieties by defendants arising from administration of her husband's estate and a trust created under his will. Dismissal for want of subject matter jurisdiction apparently was granted on the ground that the claims alleged should be brought initially before the clerk. We find this ground erroneous and the dismissal improvidently granted.

Plaintiff's husband died testate in 1971. Plaintiff and defendant Carnell Ingle Allen are co-executrices of his estate. Defendants Carnell Ingle Allen and Ruth Ingle Johnson are co-trustees of a trust established by the will. Defendant W. A. Johnson is attorney for the estate.[1] Defendant Martha Ingle Currin purchased land owned by decedent which was allegedly sold by the other defendants pursuant to a fraudulent scheme.

In summary, the claims dismissed are for (1) breach of fiduciary duties, (2) negligence, and (3) fraud, all arising from administration of the estate and trust. The remedy sought is monetary damages, actual and punitive. These claims are "justiciable matters of a civil nature," original general jurisdiction

---

1. The action was not dismissed as to defendant W. A. Johnson. One of the claims alleged against him was for professional malpractice, a claim clearly proper for consideration by the trial division.

Ingle v. Allen

over which is vested in the trial division. G.S. 7A-240.[2] While the claims *arise from* administration of an estate, their resolution is not *a part of* "the administration, settlement and distribution of estates of decedents" so as to make jurisdiction properly exercisable initially by the clerk. G.S. 28A-2-1; *see also* G.S. 7A-241. Thus, it was improper to dismiss them from the trial division for want of subject matter jurisdiction.

The prayer for relief also seeks the following: (1) an accounting and distribution from defendant Carnell Ingle Allen, as co-executrix, and her removal as co-executrix; (2) an accounting from defendants Carnell Ingle Allen and Ruth Ingle Johnson, as co-trustees, and their removal as co-trustees; (3) appointment of a new trustee; (4) return of compensation received by defendants from the estate, and denial of compensation to defendants; (5) reimbursement by defendants for any benefit they received which rightfully belongs to the estate; and (6) award of counsel fees to plaintiff's attorney from the estate and from defendants. These matters *are* a part of "the administration, settlement and distribution of estates of decedents," original jurisdiction over which should properly be initially exercised by the clerk. G.S. 28A-2-1; *see also* G.S. 7A-241. Their inclusion in the prayer for relief was not, however, grounds for dismissal, for want of subject matter jurisdiction, of the entire action. Upon remand, leave should be granted to amend the complaint to delete these portions. G.S. 1A-1, Rule 15(a). Plaintiff may then petition the clerk for the redress sought.

The claims properly alleged in the trial division may be indeterminate until the matters properly presented initially to the clerk are resolved. Whether they are cannot be determined on the record in this appeal. The record in this appeal contains a complaint which adequately alleges claims for "justiciable matters of a civil nature" properly brought in the trial division under G.S. 7A-240. It was thus error to dismiss for want of subject matter jurisdiction. This is the only question presented for determination at this time.

Reversed and remanded.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.

---

2. The amount in controversy exceeds $5,000. Thus, the superior court is the proper division within the trial division. G.S. 7A-243.