BEATRICE JOHNSON INGLE v. CARNELL INGLE ALLEN, INDIVIDUALLY, CARNELL INGLE ALLEN, CO-EXECUTRIX OF THE ESTATE OF B. H. INGLE, SR., RUTH INGLE JOHNSON, INDIVIDUALLY, CARNELL INGLE ALLEN AND RUTH INGLE JOHNSON, TRUSTEES UNDER THE WILL OF B. H. INGLE, SR., W. A. JOHNSON AND MARTHA INGLE CURRIN

No. 8310SC963

(Filed 19 June 1984)

1. Courts § 4— superior court proper court for case alleging breach of fiduciary duty in administration of estate

    A superior court had jurisdiction in an action in which plaintiff alleged breach of fiduciary duty, negligence, and fraud in the administration of her husband's estate and a trust created under his will since the claims' resolution was not *a part of* the administration, settlement and distribution of the estate, and since the amount in controversy exceeded $10,000. G.S. 28A-2-1 and G.S. 7A-243.

2. Executors and Administrators § 38— breach of fiduciary duty and administration of estate and trust—instructions concerning proper

    In an action alleging improprieties by defendants arising from the administration of an estate and a trust created under a will, the jury was not allowed, as defendants contended, to determine the trustees' obligations under the will where the jury was instructed that the trustees had an obligation to make payments from the trust to the beneficiary, and that the will controlled the time of such payments since the will clearly stated that payments of $125 per month would be made to plaintiff, first from the income, and, if the income was insufficient, from the principal of the trust.

**3. Executors and Administrators § 38— breach of fiduciary duties in administration of trust created by will—element of harm found**

In an action for breach of fiduciary duties in the administration of an estate and trust created under a will, the evidence at trial was more than sufficient to show that the defendants at no time intended to follow the intent of the testator with regard to the purposes of the trust, and the intent not to fulfill the purposes of the trust constituted the element of harm of taking "advantage of his position of trust to the hurt of plaintiff." Therefore, defendants' contention that the court misstated the law on the tort of breach of fiduciary duty in that it required the jury to find a breach of fiduciary duty without any finding of harm or unfairness to the plaintiff was without merit.

**4. Evidence § 27— telephone conversation—admissibility of**

The trial court properly admitted into evidence the testimony of plaintiff regarding a purported telephone call allegedly made by defendant Ruth Ingle Johnson where plaintiff testified that she could recognize defendant's voice over the telephone and that she had spoken with defendant "quite a bit," "a lot," and "many times." The weight of the evidence was for the jury.

**5. Damages § 11.1— improprieties in administration of estate and trust—punitive damages properly submitted**

In an action alleging improprieties by defendants arising from administration of an estate and trust created under a will, the evidence presented was sufficient to permit the jury reasonably to infer defendants' actions were motivated by malice, a reckless indifference to consequences, oppression, insult, rudeness, caprice or wilfulness thereby properly presenting the issue of punitive damages for the jury. The evidence showed that defendants distributed more than $130,000 from a trust, contrary to the will and contrary to the advice of counsel, and converted the trust assets to their own use at a time when they knew the plaintiff had received no payments under the trust for a period of eight years. There was also evidence of accusations on the part of both defendants blaming plaintiff for the death of the testator.

APPEAL by defendants from *Hobgood, Judge*. Judgment entered 10 December 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 6 June 1984.

Plaintiff institutes this action alleging improprieties by defendants arising from administration of her husband's estate and a trust created under his will. Plaintiff's husband died testate in 1971. Plaintiff and defendant Carnell Ingle Allen are co-executrices of his estate. Defendants Carnell Ingle Allen and Ruth Ingle Johnson are co-trustees of a trust established by the will. Defendant W. A. Johnson is attorney for the estate, and defendant Martha Ingle Currin purchased land owned by decedent which was allegedly sold by the other defendants pursuant to a fraudulent scheme.

Plaintiff specifically alleges breach of fiduciary duties, negligence, and fraud, all arising from administration of the estate and trust. Plaintiff's prayer for relief seeks monetary damages, actual and punitive.

On 16 November 1982, summary judgment was granted for defendant W. A. Johnson. Jury trial commenced on 29 November 1982. On 6 December 1982, an order of dismissal was entered as to defendant Martha Ingle Currin. At the conclusion of the evidence, issues were submitted to the jury and answered as follows:

1. Did the Defendant Carnell Ingle Allen, breach her fiduciary duty to the Plaintiff in administering the Estate of B. H. Ingle, Sr.?

ANSWER: Yes

2. If the answer to issue 1 is "yes", in what amount, if any, was the Plaintiff damaged by the Defendant Carnell Ingle Allen's breach of her fiduciary duty as executrix to the Plaintiff?

ANSWER: $1.00

3. Did the Defendant, Ruth Johnson, breach her fiduciary duty to Plaintiff as Trustee under the Will of B. H. Ingle, Sr.?

ANSWER: Yes

4. Did the Defendant, Carnell Allen, breach her fiduciary duty to the Plaintiff as Trustee under the Will of B. H. Ingle, Sr.?

ANSWER: Yes

5. If the answer to issues 3 or 4 is yes, in what amount, if any, was Plaintiff damaged by the breach?

ANSWER: $26,500

6. Did the Defendant Carnell Allen commit constructive fraud?

ANSWER: Yes

7. Did the Defendant Ruth Johnson commit constructive fraud?

ANSWER: Yes

8. If the answer to issues 6 or 7 is yes, in what amount, if any, was Plaintiff damaged by the constructive fraud?

ANSWER: $1.00

9. What amount of punitive damages is the Plaintiff entitled to recover from the defendant Carnell Allen?

ANSWER: $150,000

10. What amount of punitive damages is the Plaintiff entitled to recover from the defendant Ruth Johnson?

ANSWER: $100,000

Judgment was entered upon the verdict from which defendants appealed.

*Tharrington, Smith & Hargrove, by John R. Edwards and Elizabeth F. Kuniholm for plaintiff appellee.*

*Boyce, Mitchell, Burns & Smith, P.A., by G. Eugene Boyce for defendant appellants.*

HILL, Judge.

Defendants Carnell Ingle Allen and Ruth Ingle Johnson bring forth five assignments of error concerning jurisdiction, instructions to the jury, admissibility of testimony, and submission of the issue of punitive damages to the jury. We have examined each of the assignments and find no basis for reversal.

[1] Defendants first contend the trial court erred in allowing plaintiff to raise in superior court the issues relating to defendant's alleged breach of fiduciary duty. Defendants assert that the clerk of superior court has exclusive original jurisdiction of "the administration, settlement and distribution of estates of decedents" except in cases where the clerk is disqualified to act. G.S. 28A-2-1; *In re Estate of Adamee*, 291 N.C. 386, 398, 230 S.E. 2d 541, 549 (1976). This court has stated that plaintiff's claims of breach of fiduciary duty, negligence, and fraud are " 'justiciable

matters of a civil nature,' original general jurisdiction over which is vested in the trial division." *Ingle v. Allen*, 53 N.C. App. 627, 628-29, 281 S.E. 2d 406, 407 (1981). The court went on to say that "[w]hile the claims *arise from* administration of an estate, their resolution is not *a part of* 'the administration, settlement and distribution of estates of decedents' so as to make jurisdiction properly exercisable initially by the clerk." *Id.* at 629, 281 S.E. 2d at 407 (original emphasis). The amount in controversy exceeds $10,000. Therefore, under G.S. 7A-243, the superior court is the proper division within the trial division for resolution of plaintiff's claims.

[2] Defendants next contend the trial court erred in instructing the jury regarding (1) breach of fiduciary duty by defendants as trustees with respect to payments under the trust, and (2) breach of fiduciary duty by defendants with respect to repairs to a parsonage devised to plaintiff. Defendants argue resolution of these two issues depends upon an interpretation of decedent's will, and the trial court thereby erred in permitting the jury to interpret and construe the will.

The trial court instructed the jury with regard to monthly payments, in pertinent part, as follows:

I instruct you, under the law of North Carolina, that any real property devised to the trustees under such a will passes to the trustees upon the death of the testator, in this case, Mr. Ingle. Consequently, a testamentary trust containing real property comes into existence at the time of the death of the testator. Furthermore, I instruct you that where trustees are obligated to make payments from the trust to a beneficiary, such payments must be made from the date of the death of the testator, in this case Mr. Ingle, unless the will specifies some other time when payments are to begin.

The court went on to charge the jury that

. . . a trustee must carry out the obligations as they are set forth in the instrument establishing the trust. In this case, the trustees are required to pay for capital repairs . . . on the parsonage given to Mrs. Ingle for her life, and to pay Mrs. Ingle $125.00 per month from the income and if necessary the principal of the trust. . . .

The defendants contend the condition of the house at present is due to the plaintiff's failure to repair and that no demand for payment of any capital repair expense was ever made by the plaintiff. Payment is usually due only upon demand unless a contract specifies the time for payment. Here the provision of the will is controlling.

Thus, the jury was instructed that the trustee had an obligation to make payments from the trust to the beneficiary, and that the will controlled the time of such payments. The will clearly stated that payments of $125.00 per month would be paid to plaintiff, first from the income and, if the income was insufficient, from the principal of the trust. The jury was not allowed, as defendants contend, to determine the trustees' obligations under the will. We conclude the trial judge correctly charged the jury under the circumstances of this case.

[3] Defendants next assign error to the court instructing the jury that if it found that defendants Allen and Johnson "in fact have never and do not now intend to establish and maintain a Trust fund from the residuary estate as directed in the Will, then you will find that they have breached their duty to [sic] loyalty and good faith." Defendants, citing *Terry v. Terry*, 302 N.C. 77, 273 S.E. 2d 674 (1981), contend this instruction misstated the law on the tort of breach of fiduciary duty in that it required the jury to find a breach of fiduciary duty without any finding of harm or unfairness to the plaintiff. This contention is without merit since the intent not to fulfill the purposes of the trust constitutes the element of harm of taking "advantage of his position of trust to the hurt of plaintiff." *Terry v. Terry, supra* at 83, 273 S.E. 2d at 677, *quoting, Rhodes v. Jones*, 232 N.C. 547, 548-49, 61 S.E. 2d 725, 726 (1950). The evidence at trial was more than sufficient to show that the defendants at no time intended to follow the intent of the testator with regard to the purposes of the trust. The trust corpus was distributed prior to the termination of the trust, contrary to the directive of the will which provided for such distribution only at the death or remarriage of plaintiff. Such evidence supports the cause of action against the trustees for breach of a fiduciary duty and supports the instruction as given by the trial judge. The charge as a whole is free from prejudicial error.

[4] Defendants next contend the trial court erred in admitting into evidence the testimony of plaintiff regarding a purported

telephone call allegedly made by defendant Ruth Ingle Johnson. Defendants assert that no sufficient foundation was first laid to establish that the plaintiff recognized defendant's voice so as to properly identify her as the speaker. Plaintiff's testimony is admissible if the "identity of the person be shown directly or by circumstances somewhere in the development of the case, either then or later." *State v. Strickland*, 229 N.C. 201, 208, 49 S.E. 2d 469, 474 (1948); *see also State v. Graham*, 24 N.C. App. 591, 211 S.E. 2d 805, *cert. denied*, 287 N.C. 262, 214 S.E. 2d 434 (1975). Any lack of assurance or uncertainty on the part of plaintiff identifying defendant by voice recognition affects only the weight and credibility, and not the admissibility of her testimony. *State v. Coleman*, 270 N.C. 357, 154 S.E. 2d 485 (1967). "As a general rule, the weight of voice recognition is a question of fact for the jury." *Id.* at 364, 154 S.E. 2d at 490.

When we apply the foregoing principles to the facts of the case under review, it is clear that the telephone conversations are competent and admissible. Plaintiff testified that she could recognize defendant's voice over the telephone and that she had spoken with defendant "quite a bit," "a lot," and "many times." The weight of the evidence was for the trier of facts, i.e., the jury in this case.

[5] Defendants finally contend that the trial court erred in submitting the issue of punitive damages to the jury due to insufficiency of the evidence. Punitive damages are allowable where a plaintiff has proved at least nominal damages, *Worthy v. Knight*, 210 N.C. 498, 187 S.E. 771 (1936), and where an element of aggravation accompanying the tortious conduct causes the injury. *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976). Such aggravation was early defined to include "fraud, malice, such a degree of negligence as indicates a reckless indifference to consequences, oppression, insult, rudeness, caprice, wilfulness . . . ." *Newton v. Insurance Co.*, 291 N.C. 105, 112, 229 S.E. 2d 297, 301 (1976). So long as there is "some fact or circumstance" in evidence from which one of these elements may be inferred, the question of punitive damages is for the jury and not for the court. *Shugar v. Guill*, 304 N.C. 332, 340, 283 S.E. 2d 507, 511 (1981).

Applying these principles of law to the facts of the case under review, we conclude that the evidence presented was suffi-

cient to permit the jury reasonably to infer that defendants' actions were motivated by malice, a reckless indifference to consequences, oppression, insult, rudeness, caprice or wilfulness. The evidence shows that defendants distributed more than $130,000 from the trust, contrary to the will and contrary to the advice of counsel, converting trust assets to their own use at a time when they knew the plaintiff had received no payments under the trust for a period of eight years. There was also evidence of accusations on the part of both defendants blaming plaintiff for the death of the testator. The evidence indicates that defendants' actions possess the aggravation element necessary to submit the issue of punitive damages to the jury.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges BECTON and BRASWELL concur.