IN RE ESTATE OF WARD

[97 N.C. App. 660 (1990)]

---

IN THE MATTER OF: THE ESTATE OF JAMES HIRAM WARD, JR., DECEASED

No. 893SC557

(Filed 20 March 1990)

1. **Wills § 61 (NCI3d)— dissent of spouse—distribution of intestate share—cost of caveat proceeding irrelevant**

   The trial court properly ordered the executor of an estate to distribute to decedent's widow her intestate share by dissent without regard to the cost of a caveat proceeding, since

a dissenting spouse may share in her spouse's estate as if there were no will, and that purpose would be frustrated rather than served if the surviving spouse's intestate share could be diminished or consumed by the expense of litigating the validity of a will in which she had no interest. N.C.G.S. § 30-3(a); N.C.G.S. § 29-2(5).

**Am Jur 2d, Wills § 907.**

2. **Wills § 25 (NCI3d) — expense of litigating caveat — no lawful claim against estate — no proper cost of administration**

The expense of litigating a caveat is not a lawful claim against the estate or a proper cost of administration under the provisions of N.C.G.S. § 29-2(5); rather, such expense is a cost of court taxable against either party or apportioned among the parties in the discretion of the court.

**Am Jur 2d, Wills § 1092.**

APPEAL by propounders and executor from order entered 14 April 1989, *nunc pro tunc* 13 March 1989, by *Reid, Judge*, in PITT County Superior Court. Heard in the Court of Appeals 7 February 1990.

*Poyner & Spruill, by James T. Cheatham, and Bailey & Dixon, by Wright T. Dixon, Jr. and Cathleen M. Plaut, for dissenter appellee.*

*Ward and Smith, by Robert D. Rouse, Jr., for propounder appellants.*

*Speight, Watson and Brewer, by William H. Watson and James M. Stanley, Jr., for executor appellant Wachovia Bank & Trust Company, N.A.*

PHILLIPS, Judge.

Only these facts are pertinent to the question presented: James Hiram Ward, Jr. died testate; his widow, Martha Harris Ward, dissented from the will; a *caveat*, since resolved, was filed by James Earl Ward, decedent's son; and the Superior Court ordered the executor of the estate to distribute to Martha Harris Ward her intestate share by dissent without regard to the cost of the *caveat* proceeding.

[1]  The only question presented is whether the order is correct. The following provisions of our law require an affirmative answer: Upon dissenting from a will a surviving spouse takes "the same share of the deceased spouse's real and personal property as if the deceased had died intestate." G.S. 30-3(a). So far as the property rights of a dissenting spouse are concerned it is as if there was no will. *Wachovia Bank & Trust Co. v. Green*, 236 N.C. 654, 73 S.E.2d 879 (1953). A surviving spouse's right to dissent from a will is determined upon the amount of the decedent's "net estate," *Phillips v. Phillips*, 296 N.C. 590, 252 N.C. 761 (1979), which G.S. 29-2(5) defines as "the estate of a decedent, exclusive of family allowances, costs of administration, and all lawful claims against the estate." The clear purpose of these provisions is to entitle a dissenting spouse to share in her spouse's estate as if there was no will, and that purpose would be frustrated, rather than served, if the surviving spouse's intestate share could be diminished or consumed by the expense of litigating the validity of a will in which she has no interest.

[2]  Appellants' argument that the expense of litigating the *caveat* is both a lawful claim against the estate and a proper cost of administration under the above provisions of G.S. 29-2(5) has no basis. As used in that statute, a lawful claim against the estate means a claim for redress of some sort that is filed with the personal representative pursuant to the provisions of Article 19 (Claims against the Estate) of Chapter 28A of the North Carolina General Statutes, which is enforceable against the estate because of some act, omission or obligation of the decedent. And "costs of administration," as used in G.S. 29-2(5), means those ordinary, usual, and necessary expenses of administering a decedent's estate. A will *caveat* and its expense is neither of these; for a will *caveat* is a claim that the will involved is invalid, and its expense is a cost of court taxable "against either party, or apportioned among the parties, in the discretion of the court." G.S. 6-21.

Affirmed.

Judges WELLS and JOHNSON concur.