MEYSHA VICTORIA LASH, BY HER GUARDIAN AD LITEM, MARK WILSON, PLAINTIFF-APPELLANT v. ALTON L. LASH, ET AL., DEFENDANTS-APPELLEES

No. 9118SC890

(Filed 20 October 1992)

**Wills § 25 (NCI3d)— caveat—attorney fees—discretion of courts**
        The trial court correctly granted partial summary judgment in favor of defendant in an action seeking damages for procuring and propounding a spurious will where the materials before the trial court clearly showed that plaintiff successfully attacked the validity of the purported will in a caveat proceeding, then sought in a separate action the necessary costs incurred in maintaining such an action. Plaintiff's claim for recovery of attorney's fees and other court costs could only be adjudicated in the caveat proceeding.

**Am Jur 2d, Wills § 846.**

APPEAL by plaintiff from judgment entered 4 June 1991 in GUILFORD County Superior Court by *Judge Julius A. Rousseau.* Heard in the Court of Appeals 22 September 1992.

Plaintiff, by her Guardian Ad Litem, instituted this action against defendant seeking to recover damages resulting from the alleged fraudulent procuring and propounding of a purported will of plaintiff's father, Alfred Lash.

Plaintiff alleges that after Alfred Lash's death, defendant found a purported will in the deceased's truck. Defendant presented this document for probate to the clerk of the superior court and thereby became the executor of Alfred Lash's estate. Plaintiff directly challenged the validity of the purported will in a caveat proceeding and the will was found to be a nullity.

Plaintiff then brought a separate action in superior court containing five claims for relief, the last of which alleged tortious conduct of the defendant. Plaintiff sought to recover damages based on the alleged procuring and propounding of a spurious will. Defendant asserted in his defense that he believed the will to be genuine and produced affidavits in support thereof. In response, plaintiff produced affidavits which tended to disprove defendant's allegations. Thereafter, defendant moved for a partial summary judgment on the fifth claim for relief on the ground that there was no genuine issue of material fact and defendant was entitled to summary judgment as a matter of law. The trial court granted partial summary judgment in favor of defendant on this claim. Plaintiff appeals.

*Turner, Rollins, Rollins & Clark, by Clyde T. Rollins, for plaintiff-appellant.*

*Barbee & Glenn, by Ronald Barbee, for defendant-appellee.*

WELLS, Judge.

Although this case is before us on partial summary judgment, it is our opinion that plaintiff has a substantial right to have all her viable claims for relief tried simultaneously before the same judge and jury. We hold that plaintiff's appeal is properly before us and therefore consider the appeal on its merits. *Hoke v. E.F. Hutton and Co.,* 91 N.C. App. 159, 370 S.E.2d 857 (1988).

The essence of plaintiff's fifth claim for relief is that due to the fraudulent procuring or offering of Alfred Lash's purported

will by defendant, plaintiff was required to incur the cost of a caveat proceeding, including attorneys' fees.

It is the settled law of this State that the validity of a propounded will may only be challenged directly in a caveat proceeding pursuant to statute. A collateral attack is not permitted. *See* N.C. Gen. Stat. § 31-32 (1971); *In re Will of Charles*, 263 N.C. 411, 139 S.E.2d 588 (1965); *In re Will of Puett*, 229 N.C. 8, 47 S.E.2d 488 (1948). *See also In re Will of Hester*, 320 N.C. 738, 360 S.E.2d 801, *cert. denied*, 321 N.C. 300, 362 S.E.2d 780 (1987).

The general rule governing award of attorneys' fees and court costs is set forth in N.C. Gen. Stat. § 6-21:

> Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court:
>
> . . . .
>
> (2) Caveats to wills and any action or proceeding which may require the construction of any will or trust agreement, or fix the rights and duties of parties thereunder; provided, that in any caveat proceeding under this subdivision, the court shall allow attorneys' fees for the attorneys of the caveators only if it finds that the proceeding has substantial merit.
>
> . . . .
>
> The word "costs" as the same appears and is used in this section shall be construed to include reasonable attorneys' fees in such amounts as the court shall in its discretion determine and allow[.]

The ability of the courts to award such costs is statutorily conferred. Case law in this State has consistently held that the decision to award costs in caveat proceedings is addressed to the sound discretion of the courts. *Dyer v. State*, 331 N.C. 374, 416 S.E.2d 1 (1992); *In re Ridge*, 302 N.C. 375, 275 S.E.2d 424 (1981). It is a matter of the court's discretion whether to award fees and the amount of such fees. *See Trust Co. v. Dodson*, 260 N.C. 22, 131 S.E.2d 875 (1963).

The materials before the trial court clearly showed that plaintiff successfully attacked the validity of the purported will

propounded by defendant in a caveat proceeding. Now, however, plaintiff seeks to recover, in a separate action, the necessary costs incurred in maintaining such an action. The question of which party bears court costs, including attorneys' fees, is properly resolved in the caveat proceeding itself. Our cases have held that the expense of litigating a caveat is *not* a lawful claim against another party; rather, such "expense is a cost of court taxable 'against either party, or apportioned among the parties, in the discretion of the court.'" *See In re Estate of Ward*, 97 N.C. App. 660, 389 S.E.2d 441 (1990); N.C. Gen. Stat. § 6-21. Therefore, plaintiff's claim for recovery of attorneys' fees and other court costs could only be adjudicated in the caveat proceeding.

In view of the settled law of wills and estates in this jurisdiction dealing with caveats and assessment of court costs in such proceedings, it would be inconsistent and illogical to recognize and allow an independent action in tort for damages related to expenses incurred in a caveat proceeding. Therefore, we affirm the trial court's order granting partial summary judgment in favor of defendant.

Affirmed.

Judges ORR and GREENE concur.