**IN RE ESTATE OF WRIGHT**

[114 N.C. App. 659 (1994)]

IN THE MATTER OF THE ESTATE OF: D. ROY WRIGHT, DECEASED

No. 9318SC663

(Filed 3 May 1994)

**Wills § 45 (NCI4th) — antenuptial agreement — validity — no jurisdiction of clerk to determine**

The clerk of superior court lacked jurisdiction to resolve respondent's claim that an antenuptial agreement was invalid and that it was obtained by misrepresentation, undue influence, and inadequate disclosure of assets or liabilities, and that she was therefore entitled to participate in the administration, settlement, and distribution of her deceased husband's estate, since the issues involved were clearly justiciable matters of a civil nature, original jurisdiction over which was vested in the trial division.

**Am Jur 2d, Wills § 850.**

Appeal by petitioner from order entered 8 January 1993 by Judge Joseph R. John, Sr. in Guilford County Superior Court. Heard in the Court of Appeals 22 March 1994.

*Hugh C. Bennett, Jr. for High Point Bank and Trust Company, petitioner-appellant.*

*Clarence Mattocks for respondent-appellee Ola Mae Wright.*

JOHNSON, Judge.

The pertinent facts of this appeal are as follows: Ola Mae Montgomery, then sixty-five years old, and D. Roy Wright, then seventy-three years old, entered into an antenuptial agreement on 31 March 1977 which provided in pertinent part:

FIRST—That the party of the first part [Ola Mae Montgomery] shall receive from the estate of the party of the second part [D. Roy Wright] after his death, provided at his death the parties hereto are married and are living together and the party of the first part shall survive such party of the second

part as his widow, the total sum of TWENTY THOUSAND ($20,000.00) DOLLARS.

. . .

THIRD—That the party of the first part hereby agrees and hereby releases, renounces and quitclaims all right she now has or hereafter may acquire, of whatever nature or kind, both real, personal and mixed, by reason of said contemplated marriage, in and to all property, both real, personal and mixed, now owned or hereafter acquired by the party of the second part, including the right to administer upon his estate and the right by the laws of distribution and the rights of descent, widow's year's allowance or any other rights, to any part of the real or personal estate of the party of the second part, SAVE AND EXCEPT the rights of the party of the first part set forth in the preceding Paragraph First of this Agreement.

Ola Mae Montgomery and D. Roy Wright were married 16 April 1977 in Guilford County, North Carolina. Around September 1991, D. Roy Wright was admitted to High Point Regional Hospital following a fall at his Greensboro Road residence in which he incurred a broken hip, bruises and other injuries and remained in said hospital until about 1 October 1991. When D. Roy Wright was released from the hospital and returned to his residence, Ola Mae Montgomery Wright had moved from the marital household and except for two brief visits, never returned to the residence. D. Roy Wright died 8 March 1992, leaving an estate valued at approximately $323,000.00. Decedent's Will, executed 23 June 1981, provided in pertinent part:

ARTICLE III

In the event that my wife, OLA MAE MONTGOMERY WRIGHT, is living at the time of my death, and we were living together at the time of my death, then I direct my Executor to pay to my wife, OLA MAE MONTGOMERY WRIGHT, the sum of TWENTY THOUSAND ($20,000.00) DOLLARS, as provided for in Paragraph First of the Antenuptial Agreement executed on the 31st day of March, 1977, by and between Ola Mae Montgomery, party of the first part, and D. Roy Wright, party of the second part.

**IN RE ESTATE OF WRIGHT**

[114 N.C. App. 659 (1994)]

High Point Bank and Trust Company, as executor of decedent's estate, filed its petition for hearing on 30 March 1992, requesting instructions from the clerk of superior court as to whether Ola Mae Montgomery Wright was entitled to participate in the administration, settlement and distribution of decedent's estate. On 27 April 1992, Ola Mae Montgomery Wright filed her response to the petition, admitting the authenticity of her signature on the antenuptial agreement, the contents of paragraph "FIRST" of the antenuptial agreement and "ARTICLE III" of the Will of decedent. Ola Mae Montgomery Wright also admitted that she did not cohabit with decedent after 1 October 1991. The response further contended that the antenuptial agreement was invalid and that it was obtained by misrepresentation and undue influence and that there was never adequate disclosure of assets or liabilities.

The matter was heard before the clerk on 22 May 1992. The clerk found that Ola Mae Montgomery Wright was not entitled to participate in the administration, settlement and distribution of decedent's estate, and signed an order to this effect 3 June 1992. Ola Mae Montgomery Wright appealed to superior court; Judge Joseph R. John, Sr. found that the clerk lacked jurisdiction in the matter and voided the clerk's order of 3 June 1992. High Point Bank and Trust Company, as executor of decedent's estate, filed notice of appeal to our Court.

High Point Bank and Trust Company argues on appeal that the superior court judge, sitting as a court of appellate review on appeal from an order of the clerk of superior court, erred in entering its order of 8 January 1993 voiding the clerk's order.

It is undisputed that in North Carolina, the clerk of superior court is given exclusive original jurisdiction of the administration, settlement and distribution of estates except in cases where the clerk is disqualified to act. North Carolina General Statutes § 28A-2-1 (1984); *In re Snipes*, 45 N.C. App. 79, 262 S.E.2d 292 (1980). However, in cases where "claims *arise from* administration of an estate, their resolution is not *a part of* 'the administration, settlement and distribution of estates of decedents' so as to make jurisdiction properly exercisable initially by the clerk." *Ingle v. Allen*, 53 N.C. App. 627, 629, 281 S.E.2d 406, 407 (1981). The claims at issue in the case *sub judice* are claims of misrepresentation, undue influence and inadequate disclosure of assets or liabilities, clearly " 'justiciable matters of a civil nature,' original general jurisdiction over which

STATE EX REL. EMPLOYMENT SECURITY COMM. v. IATSE LOCAL 574

[114 N.C. App. 662 (1994)]

is vested in the trial division." *Id.* at 628-29, 281 S.E.2d at 407. North Carolina General Statutes § 7A-240 (1989).

Therefore, we find the superior court judge properly found that the clerk lacked jurisdiction in this matter and properly voided the clerk's order of 3 June 1992.

The decision of the trial court is affirmed.

Judges GREENE and LEWIS concur.