JEAN L. JONES, Plaintiff,
v.
JOSEPH B. McLEOD, individually, and as partner of Cherry, Bekaert & Holland, L.L.P., and CHERRY, BEKAERT & HOLLAND, L.L.P., Defendants.
No. COA08-702
Court of Appeals of North Carolina.
Filed February 17, 2009.
Smith Debnam Narron Drake Saintsing & Myers, L.L.P., by Alicia Jurney Whitlock, for plaintiff.
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Jim W. Phillips, Jr., and Julia C. Ambrose, for defendants.
ELMORE, Judge.
Jean L. Jones (plaintiff) brought this action against Joseph B. McLeod and Cherry, Bekaert & Holland, L.L.P. (defendants), for breach of fiduciary duty, constructive fraud, and tortious interference with the making of a will. On 12 March 2008, the superior court granted defendants' motion to dismiss pursuant to North Carolina Rule of Civil Procedure 12(b)(6). For the following reasons, we affirm.

I.
John A. Jones, Jr. (Buck Jones), executed two wills in 2005: the first on 3 March 2005 (the March will), and the second on 1 September 2005 (the September will). The March will named Joseph B. McLeod (defendant) as executor of Buck Jones's estate and trustee of a trust created by the will; the September will did neither.
Buck Jones died on 11 October 2005. On 12 October 2005, plaintiff's stockbroker called to say he had received a call from defendant, so plaintiff called defendant directly. In that conversation, plaintiff informed defendant that a later will had been prepared and executed that did not name defendant as executor.
On 14 October 2005, however, defendant personally submitted the March will for probate. On 18 October 2005, plaintiff filed a caveat to set aside the probate of the March will and submitted the September will in its place. Summary judgment was entered in favor of plaintiff in the caveat proceeding; that judgment was affirmed by this Court earlier this year. See In re Will of Jones, ___ N.C. App. ___, 655 S.E.2d 407 (2007). That decision was recently reversed by our Supreme Court, see In re Will of Jones, ___ N.C. ___, 669 S.E.2d 572 (2009), but as the resolution of that action does not affect the issues in the appeal at hand, we consider and resolve that appeal herein.
Plaintiff then brought this action in order to recover damages due to defendant's actions in submitting the March will for probate. The action was dismissed for failure to state a claim upon which relief can be granted. Plaintiff appeals that dismissal.

II.

A.
The trial court's order does not specify the basis for its holding; given the issue, however, there are two potential bases, and a failure on either would bar the claim: First, did plaintiff allege facts sufficient to support a claim of breach of fiduciary duty against defendants? Second, is there a statutory basis for plaintiff's damages, which are attorneys' fees from the caveat proceeding? A case on point from this Court holds that no such statutory basis exists. As plaintiff relies heavily on the holding of that case, an in-depth summary is warranted.
In Lash v. Lash, the defendant propounded a will that was challenged in a caveat proceeding and found to be a nullity. 107 N.C. App. 755, 421 S.E.2d 615 (1992). Plaintiff, who challenged the will in the caveat proceeding, then brought suit in superior court against defendant. Id. at 756, 421 S.E.2d at 616.
This Court noted that one of plaintiff's five "claim[s] for relief is that due to the fraudulent procuring or offering of Alfred Lash's purported will by defendant, plaintiff was required to incur the cost of a caveat proceeding, including attorneys' fees." Id. at 756-57, 421 S.E.2d at 616. After summarizing the rule that attorneys' fees must be authorized by statute, the Court presented this analysis:
Case law in this State has consistently held that the decision to award costs in caveat proceedings is addressed to the sound discretion of the courts. It is a matter of the court's discretion whether to award fees and the amount of such fees.
The materials before the trial court clearly showed that plaintiff successfully attacked the validity of the purported will propounded by defendant in a caveat proceeding. Now, however, plaintiff seeks to recover, in a separate action, the necessary costs incurred in maintaining such an action. The question of which party bears court costs, including attorneys' fees, is properly resolved in the caveat proceeding itself. Our cases have held that the expense of litigating a caveat is not a lawful claim against another party; rather, such "expense is a cost of court taxable `against either party, or apportioned among the parties, in the discretion of the court.'" Therefore, plaintiff's claim for recovery of attorneys' fees and other court costs could only be adjudicated in the caveat proceeding.
In view of the settled law of wills and estates in this jurisdiction dealing with caveats and assessment of court costs in such proceedings, it would be inconsistent and illogical to recognize and allow an independent action in tort for damages related to expenses incurred in a caveat proceeding.
Id. at 757-58, 421 S.E.2d at 617 (citations omitted).
Plaintiff acknowledges that Lash is on point, but attempts to distinguish it in the following three ways:
First, plaintiff argues, the defendant in Lash claimed at the caveat proceeding that he believed the will he propounded was valid, whereas here, the evidence suggests that defendant knew the will he propounded was invalid. Plaintiff does not follow the mention of this distinction with any analysis, but the gist of her argument seems to be that this addition of malice distinguishes the current case. Second, plaintiff notes that no fiduciary relationship existed between the propounder and decedent in Lash. Plaintiff emphasizes this special relationship and again mentions the malice on the part of defendant in the case at hand.
Finally, plaintiff states that, whereas she is the sole beneficiary under Buck Jones's will, there is no indication that the same was true of the plaintiff in Lash. Thus, any costs taxed against the estate would essentially be taxed against plaintiff herself, and thus be inadequate relief.
Presuming all three of these distinctions to be true, however, does not change the holding of Lash, which was not based on intent, relationship of the parties, or responsibility of the estate. As such, these distinctions are without merit, and these assignments of error are overruled.

B.
Plaintiff then argues that, regardless of Lash, her claims for breach of fiduciary duty, constructive fraud, and tortious interference with the making of a will are "justiciable matters of a civil nature." Essentially, her argument is that the court in the caveat proceeding did not have jurisdiction over these issues. For this argument, she relies on two cases: In re Estate of Wright and In re Parrish.
Plaintiff cites to In re Estate of Wright for the tenet that "in cases where `claims arise from administration of an estate, their resolution is not a part of "the administration, settlement and distribution of estates of decedents" so as to make jurisdiction properly exercisable initially by the clerk.'" 114 N.C. App. 659, 661, 442 S.E.2d 540, 542 (1994) (citation and emphasis omitted). However, the issue under discussion there was whether the clerk of superior court had the authority to rule on the validity of an antenuptial agreement between the decedent and his widow. Id. While it does concern jurisdiction, the above-quoted statement in fact relates to the purview of the clerk of superior court, and as such is not relevant to the case at hand.
Plaintiff cites to In re Estate of Parrish for the following principle:
We recognize that an action for damages resulting from a fiduciary's breach of duty in the administration of a decedent's estate is not a claim under the original jurisdiction of the clerk of court. Such actions should, therefore, be brought as civil actions in the trial division of Superior Court.
143 N.C. App. 244, 251, 547 S.E.2d 74, 78 (2001) (emphasis supplied). In re Parrish concerned wrongdoing on the part of the administratrix of an estate, who improperly distributed wrongful death proceeds to herself. Id. at 246-47, 547 S.E.2d at 75-76. The language above was the Court's response to her argument that the recipients of the proceeds, who successfully sued her for attorneys' fees, did not have a right to participate in the action because they were not parties to the matter below. Id. at 251, 547 S.E.2d at 78. The emphasized text above shows that the statement concerns the administration of an estate, not the propounding of a will. As such, this case is not relevant. Finally, plaintiff cites to Shelton v. Fairley, wherein this Court held that the plaintiffs were permitted to pursue reimbursement of attorneys' fees incurred in their successful civil action against the executors of the estate at issue for, among other things, negligence in their administration of the estate. 72 N.C. App. 1, 8, 323 S.E.2d 410, 418 (1984). Again, however, this relates to suit against the executor of an estate for actions in the administration of that estate, not the propounder of an invalid will challenging that will.
Plaintiff's arguments on this point are without merit, and as such, these assignments of error are overruled.

III.
We hold that the trial court properly granted defendants' motion to dismiss and thus affirm.
Affirmed.
Judges HUNTER, Robert C., and JACKSON concur.
Report per Rule 30(e).