BRENDA LIVESAY, TRUSTEE OF THE RONALD LIVESAY AND BRENDA LIVESAY FAMILY TRUST DATED MARCH 26, 1998, BRENDA LIVESAY, GUARDIAN AD LITEM FOR CANDICE LIVESAY AND RON LIVESAY, JR., AND BRENDA LIVESAY, INDIVIDUALLY, PLAINTIFFS v. CAROLINA FIRST BANK, SAFECO CORPORATION, FIRST NATIONAL INSURANCE COMPANY OF AMERICA, AND E.K. MORLEY, ADMINISTRATOR CTA OF THE ESTATE OF RONALD B. LIVESAY, DECEASED, DEFENDANTS

No. COA09-111

(Filed 6 October 2009)

**1. Jurisdiction— subject matter—claim involving estate and trust—to be handled by clerk**

The trial court did not err by granting a motion to dismiss for lack of subject matter jurisdiction a declaratory judgment action involving creditors' claims against an estate and assertions involving a family trust. The issues were part of the administration of the estate to be handled by the clerk.

**2. Appeal and Error— standing—not assigned as error—issue dismissed**

An issue involving standing that was not assigned as error was dismissed.

**3. Appeal and Error— cross—assignment of error—two bases for upholding order—one affirmed—the other not addressed**

A cross-assignment of error concerning jurisdiction in an estate and trust matter was not addressed where the trial court's order did not specify the grounds for dismissing for lack of subject matter jurisdiction, either of the grounds argued was sufficient alone to support the order, and one of the grounds was affirmed elsewhere.

Appeal by plaintiff from an order entered 9 October 2008 by Judge Mark E. Powell in the Henderson County Superior Court. Heard in the Court of Appeals 20 August 2009.

*Gary A. Dodd and Charles Brewer for plaintiff.*

*Russell McLean III for plaintiff as Guardian Ad Litem for Candace Livesay and Ron Livesay, Jr.*

*Smith Moore Leatherwood, L.L.P., by James G. Exum, Jr., Allison O. Van Laningham, and L. Cooper Harrell, for defendant E.K. Morley.*

BRYANT, Judge.

On 7 August 2008, plaintiff Brenda Livesay, acting individually and in her capacity as trustee and guardian ad litem, filed a declaratory judgment action against Carolina First Bank, Safeco Corporation, First National Insurance Company of America and E.K. Morley, administrator CTA of the Estate of Ronald B. Livesay, deceased. On 21 August 2008, Morley moved to dismiss under Rule 12(b), arguing that plaintiff lacked standing and that the superior court lacked subject matter jurisdiction. On 9 October 2008, the trial court granted the motion, stating that it "lack[ed] jurisdiction of the subject matter." Plaintiff appeals. For the reasons discussed below, we affirm.

*Facts*

Plaintiff's husband, Ronald B. Livesay, died 1 July 2005 and on 30 December of that year, plaintiff filed a declaratory judgment action in the Henderson County Superior Court against Carolina First Bank, Safeco Corporation, and First National Insurance Company of America ("the other defendants"). Plaintiff asked the trial court to construe the terms of the Livesay Family Trust, interpret various relevant state statutes, and determine whether the trust was revocable

and therefore reachable by creditors of Mr. Livesay's estate. Morley was thereafter appointed administrator CTA of the estate and, in July 2006, he intervened as a defendant in the 2005 action. On 6 June 2007, Morley and the other defendants moved for partial summary judgment. The trial court granted the motion, and plaintiff appealed. This Court unanimously affirmed, holding that the trust was reachable by the estate's creditors to the extent necessary to satisfy the estate's debts. *Livesay v. Carolina First Bank*, —— N.C. App. ——, 665 S.E.2d 158 (2008) (*"Livesay I"*). Plaintiff's petition for discretionary review of that decision is pending in the North Carolina Supreme Court.

On 26 February 2008, prior to our decision in *Livesay I*, Morley, as Administrator CTA of the estate, moved for a preliminary injunction in the Henderson County Superior Court to restrain plaintiff from making any expenditures or withdrawals from the Livesay Family Trust until all issues related to the administration of the estate were resolved. After the trial court denied the motion for preliminary injunction, the other defendants appealed and we affirmed. *Livesay v. Carolina First Bank*, —— N.C. App. ——, 673 S.E.2d 883 (2009) (unpublished).

During the appeal of the 2005 action, Morley continued to administer the estate, and on 19 June 2008, he filed a motion with the ·clerk of court for confirmation of creditors' claims and for judicial determination of inadequacy of the estate's assets. In response, plaintiff filed the declaratory judgment action from which the current appeal arises.

## Analysis

[1] Plaintiff's sole assignment of error is that the trial court erred in granting Morley's motion to dismiss because the trial court had subject matter jurisdiction pursuant to Rule 57 and the Uniform Declaratory Judgment Act. We disagree.

The standard of review for an order granting a motion to dismiss for lack of subject matter jurisdiction is *de novo*. *Fuller v. Easley*, 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001).

The General Assembly has specified that

[t]he clerk of superior court of each county, ex officio judge of probate, shall have jurisdiction of the administration, settlement, and distribution of estates of decedents including, but not limited to, the following:

(1) Probate of wills;

(2) Granting of letters testamentary and of administration, or other proper letters of authority for the administration of estates.

N.C. Gen. Stat. § 28A-2-1 (2009). It is well-settled that the clerk of court is "given exclusive original jurisdiction in the administration of decedents' estates except in cases where the clerk is disqualified to act." *In re Estate of Longest*, 74 N.C. App. 386, 390, 328 S.E.2d 804, 807 (citing *In re Estate of Adamee*, 291 N.C. 386, 398, 230 S.E.2d 541, 549 (1976)), *cert. denied and appeal dismissed*, 314 N.C. 330, 333 S.E.2d 488 (1985). Thus, Morley contends that the trial court correctly dismissed plaintiff's declaratory judgment action since it concerned the administration, settlement, and distribution of an estate and was thus in the exclusive original jurisdiction of the clerk.

In contrast, plaintiff argues that her declaratory judgment action in the superior court is authorized by N.C. Gen. Stat. § 1-255, which provides

[a]ny person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto:

(1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or

(2) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or

(3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

(4) To determine the apportionment of the federal estate tax, interest and penalties under the provisions of Article 27 of Chapter 28A.

N.C.G.S. §1-255 (2009). While the language of these statutes appears somewhat contradictory, our case law reveals a clear division be-tween estate-related issues which are properly brought in the superior court and those which are part of the standard adminis-

tration of an estate and therefore outside the superior court's subject matter jurisdiction.

In *In re Jacobs*, the defendant contested transfer of his case to the civil docket because the clerk of court has exclusive and original jurisdiction of all probate matters. 91 N.C. App. 138,141, 370 S.E.2d 860, 863, *disc. review denied*, 323 N.C. 476, 373 S.E.2d 863 (1988). We noted that

> our courts distinguish cases which 'arise from' the administra-
> tion of an estate from those which are 'a part of' the adminis-
> tration and settlement of an estate. Those cases which are 'a part
> of' the administration of an estate are considered probate mat-
> ters in which the clerk of superior court has exclusive original
> jurisdiction.

*Id.* at 141-142, 370 S.E.2d at 863 (citation omitted); *see. also Ingle v. Allen*, 69 N.C. App. 192, 196, 317 S.E.2d 1, 3, *disc. review denied*, 311 N.C. 757, 321 S.E.2d 135 (1984). For example, "claims of misrepre- sentation, undue influence and inadequate disclosure of assets or lia- bilities" arise from, but are not part of, the administration of an estate and are properly determined by the superior court. *In re Estate of Wright*, 114 N.C. App. 659, 661, 442 S.E.2d 540, 542, *cert. denied*, 338 N.C. 516, 453 S.E.2d 172 (1994). Claims for breach of fiduciary duty, negligence and fraud are also for the superior court. *Ingle v. Allen*, 53 N.C. App. 627, 628-29, 281 S.E.2d 406, 407 (1981). However, claims seeking an accounting and distribution from an estate, appointment of a new trustee, and return of compensation received from an estate "are a part of the administration, settlement and distribution of estates of decedents, original jurisdiction over which should properly be initially exercised by the clerk." *Id.* at 629, 281 S.E.2d at 408 (inter- nal quotation marks, emphasis and citation omitted).

Here, plaintiff's action involves claims for offsets against certain creditors' claims against the estate and her assertions that various claims by creditors are collectable from the Livesay Family Trust. She also seeks protection of her contributions to the Livesay Family Trust and contends that the estate's assets should be marshaled by Morley so that he can provide an accounting. We conclude these issues are "a part of" the administration of the estate and are thus properly han- dled by the clerk.[1]

---

1. Plaintiff's action sought declarations on nine specific matters: 1) that a November 2002 promissory note was not collectable by Carolina First; 2) that the out- standing balance on the November 2002 promissory note was paid by plaintiff who was

**[2]** Plaintiff's brief also asserts Morley lacked standing to bring a Rule 12(b) motion in the trial court. However, because this issue was not assigned as error by plaintiff, it is not properly before this Court and we dismiss plaintiff's argument. N.C. R. App. P. 10(a) (2009).

**[3]** Pursuant to Appellate Rule 10(d), Morley cross-assigns as error the trial court's failure to find, as part of its order allowing his motion to dismiss, that plaintiff's complaint should be dismissed for lack of standing. Morley moved to dismiss on the basis of both the clerk's exclusive original jurisdiction of the matter, as discussed above, and plaintiff's lack of standing. The trial court's order dismissed for lack of subject matter jurisdiction, but did not specify the underlying basis for so finding. Because either of the grounds argued by Morley before the trial court in his motion to dismiss is sufficient alone to support the trial court's order, and because we affirm the order based on the clerk's exclusive original jurisdiction, we need not address this cross-assignment of error.

AFFIRMED.

Judges CALABRIA and ELMORE concur.

thus entitled to a credit or offset; 3) that plaintiff's contributions to the trust during coverture and her individual assets contributed to the trust are free and clear of claims of the creditors of the estate; 4) that the clerk of superior court in Henderson County lacks jurisdiction to determine claims of Safeco and First National until the courts of Tennessee have determined alleged losses related to those claims; 5) that an asset/purchase agreement which Morley approved is not fair or reasonable and would be detrimental to the rights of the estate; 6) that certain promissory notes allegedly held by Carolina First are not legally enforceable debts collectable from the estate; 7) that claims of Carolina First related to various notes are time barred; 8) that certain claims by Safeco and First National are time barred; and 9) that the assets of the estate cannot be properly determined until Morley marshals them and provides an accounting.