DILLON, Judge.
 

 *643
 
 Julie Morgan-McCoart ("Plaintiff") appeals from an order dismissing her claims for lack of subject matter jurisdiction.
 

 I. Background
 

 The facts relevant to this appeal as alleged in Plaintiff's complaint are as follows: Plaintiff and Claudia Lee Matchette ("Defendant") are sisters. Their mother is Ruth T. Simpson.
 

 In 2008, Ms. Simpson created a revocable trust (the "Trust"), funding it primarily with the proceeds derived from the sale of her residence.
 

 *644
 
 Also in 2008, Ms. Simpson executed a Durable Power of Attorney (the " Durable POA"), designating Plaintiff as her attorney-in-fact and Defendant as her alternate attorney-in-fact.
 

 In 2009, Ms. Simpson was declared incompetent by the Superior Court of Watauga County. At the time, Plaintiff served as the trustee of Ms. Simpson's Trust and Defendant served as the alternate trustee.
 

 Plaintiff lived in California, which made it difficult for her to carry out her duties under the Trust and the Durable POA. Accordingly, in November 2009, Plaintiff and Defendant entered into an agreement (the "Resignation Agreement") and submitted it to the Clerk of Superior Court (the "Clerk"). The Resignation Agreement provided, in part, that:
 

 *811
 
 (1) Defendant would assume the role of trustee under the Trust;
 

 (2) Plaintiff would submit a request to the Clerk for reimbursement of expenses she incurred while she served as Ms. Simpson's attorney-in-fact and as trustee of the Trust;
 

 (3) Plaintiff would not contest Defendant being named as their mother's guardian by the Clerk in the incompetency proceeding; and
 

 (4) Defendant would keep Plaintiff informed of their mother's address and mental and physical status.
 

 In 2010, Plaintiff petitioned the Clerk to be paid $22,405.56 by Ms. Simpson and the Trust. Specifically, Plaintiff requested to be reimbursed $13,856.76 for certain expenses that she claims to have incurred while serving as the trustee of the Trust and as Ms. Simpson's attorney-in-fact under the Durable POA, and to receive an "annual distribution" of $8,548.80 as a beneficiary under the Trust. The Clerk entered an order allowing Plaintiff to recover only $1,906.04 in expense reimbursements and $0 for a beneficiary distribution from the Trust, rejecting the remaining $20,499.52 she had sought.
 

 In September 2014, Plaintiff filed a complaint for breach of contract in District Court against Defendant, individually, as trustee of the Trust, and as Ms. Simpson's general guardian.
 
 [1]
 
 Upon Defendant's motion, the
 
 *645
 
 trial court entered an order dismissing Plaintiff's complaint pursuant to Rule 12(b)(1) of the Rules of Civil Procedure, concluding that it did not have subject matter jurisdiction over Plaintiff's claims but that jurisdiction lay with the Clerk. Plaintiff timely appealed.
 

 II. Standard of Review
 

 The standard of review on a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is
 
 de novo.
 

 Fuller v. Easley,
 

 145 N.C.App. 391
 
 , 395,
 
 553 S.E.2d 43
 
 , 46 (2001).
 

 III. Analysis
 

 On appeal, Plaintiff argues that the trial court erred in granting Defendant's motion to dismiss for lack of subject matter jurisdiction. Specifically, Plaintiff contends that her breach of contract claim is not a "related proceeding" as defined by N.C. Gen.Stat. § 35A-1203, and therefore, she was not required to file the claim with the Clerk.
 

 In her complaint, Plaintiff seeks relief in various forms and names Defendant as a party, not only in her individual capacity, but also in her capacity as trustee of the Trust and in her capacity as general guardian of their mother. Our Court has noted the distinction between claims which are "justiciable matters of a civil nature," for which original general jurisdiction is vested in the trial division, and claims which are properly before the Clerk pursuant to North Carolina statutory authority.
 
 See
 
 N.C. Gen.Stat. § 35A-1203 (2014) (providing that the Clerk has original jurisdiction for the appointment of "general guardians for incompetent persons
 
 and of related proceedings,
 
 " and retains jurisdiction in order to ensure compliance with the Clerk's orders) (emphasis added);
 
 see also
 
 N.C. Gen.Stat. § 36C-2-203 (2014) (providing that the Clerk shall have "original jurisdiction over all proceedings concerning the internal affairs of trusts").
 

 In analyzing the merits of Plaintiff's argument, here, we are tasked to review each prayer for relief sought by Plaintiff to determine whether the District Court properly dismissed each individual claim for want of subject matter jurisdiction.
 
 See
 

 Ingle v. Allen,
 

 53 N.C.App. 627
 
 ,
 
 281 S.E.2d 406
 
 (1981) (looking to the prayer for relief to determine which claims against the administrator of an estate were properly brought in superior court and which claims should have been brought before the clerk).
 

 A. Claim for $20,499.52
 

 In her first prayer for relief, Plaintiff seeks the following: "She recover judgment against Defendant, individually, or as Trustee, in the amount
 
 *646
 
 of $20,499.52, plus interest
 
 *812
 
 at the legal rate[.]" This amount appears to represent the full amount Plaintiff sought, but which was rejected from the Clerk. In any event, because her claim against Defendant
 
 as trustee
 
 differs from her claim against Defendant
 
 individually,
 
 we address each claim separately.
 

 1. Against Defendant as Trustee of the Trust
 

 Plaintiff appears to make two claims against the Trust: (1) reimbursement for expenses she incurred while she served as the trustee of the Trust before resigning as trustee in 2009; and (2) an annual gift she claims she is entitled to as a beneficiary under the Trust. N.C. Gen.Stat. § 36C-2-203 provides that the Clerk shall have "original jurisdiction over all proceedings concerning the internal affairs of trusts," which include "the administration and distribution of trusts ... and the determination of other matters involving trustees and trust beneficiaries[.]" N.C. Gen.Stat. § 36C-2-203 (2014). Here, Plaintiff has already submitted to the jurisdiction of the Clerk for the adjudication of these claims. Therefore, we hold that the District Court properly dismissed these claims, concluding that the Clerk had jurisdiction. Accordingly, we affirm the portion of the District Court's order dismissing Plaintiff's claim for $20,499.52 against Defendant, in her capacity as trustee of the Trust.
 

 2. Against Defendant, Individually
 

 Plaintiff also seeks to "recover judgment against Defendant, individually ... in the amount of $20,499.52[.]" This claim appears to be based on Plaintiff's assumption that Defendant became contractually obligated, personally, to reimburse Plaintiff's expenses submitted to the Clerk pursuant to the Resignation Agreement, whether approved or denied by the Clerk. Therefore, we treat Plaintiff's claim as one based in contract against Defendant, in her individual capacity.
 

 We agree with Plaintiff that the District Court has jurisdiction to hear this claim regarding her contractual relationship with Defendant, in her individual capacity.
 
 See
 

 Ingle,
 

 53 N.C.App. at 629
 
 ,
 
 281 S.E.2d at 408
 
 . Accordingly, we reverse the District Court's order to the extent that it dismissed Plaintiff's claim against Defendant, in her individual capacity, for $20,499.52.
 
 [2]
 

 *647
 
 B. Claim for Specific Performance of Contract
 

 In her complaint, Plaintiff prays that "Defendant, individually, be ordered to comply with the terms of the Resignation Agreement ... to ensure reasonable communication and information is given to Plaintiff from Defendant concerning their mother's health, care, status, location, and contact information." In her brief, Plaintiff argues that Defendant has a contractual obligation under the Resignation Agreement to keep her informed of their mother's well-being and whereabouts, apart from any obligation Defendant might otherwise have to do so in her capacity as guardian, attorney-in-fact, or as trustee. Therefore, as with her claim discussed in section (A)(2) above, we treat Plaintiff's claim here as one based in contract against Defendant, in her individual capacity. As such, the District Court has subject matter jurisdiction to hear this claim. Accordingly, we reverse the District Court's order to the extent that it dismissed Plaintiff's claim against Defendant, in her individual capacity, for specific performance to keep Plaintiff advised of their mother's health and whereabouts under the Resignation Agreement.
 
 See
 
 footnote 2,
 

 supra.
 

 C. Costs and Expenses of the Action
 

 In her complaint, Plaintiff prays that she "recover the costs and expenses of this action from Defendant[.]" Here, Plaintiff is not specific as to whether she seeks this relief from Defendant, individually, or in some other capacity. Because Plaintiff has dismissed her claim for breach of fiduciary duty/constructive trust;
 
 see
 
 footnote 1,
 

 supra;
 

 the only claims remaining are (1) against Defendant, individually, for $20,499.52, and for specific performance, both pursuant to the Resignation Agreement, and (2) against Defendant, as trustee of the Trust, for $20,499.52. We hold that
 
 *813
 
 any claim for costs and expenses associated with Plaintiff's claims against Defendant, individually, is properly in District Court, and any claim for costs and expenses associated with Plaintiff's claim against Defendant, in her capacity as trustee of the Trust, must be heard by the Clerk. Accordingly, we affirm, in part, and reverse, in part, the District Court's order with respect to Plaintiff's claim for costs and expenses.
 

 V. Conclusion
 

 We affirm the trial court's grant of Defendant's motion to dismiss Plaintiff's claim against Defendant, in her capacity as trustee of the Trust. However, to the extent that Plaintiff seeks relief from Defendant for breach of the Resignation Agreement, in her individual capacity
 
 only
 
 (and not against Defendant in her capacity as trustee, guardian, or
 
 *648
 
 attorney-in-fact), the ruling of the trial court is reversed, and the matter is remanded to the District Court for further proceedings not inconsistent with this opinion.
 

 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 

 Judges GEER and HUNTER, JR., concur.
 

 [1]
 

 Plaintiff's original complaint also alleged a claim for breach of fiduciary duty and constructive fraud. Based on the allegations, it appears that this claim was directed, at least in part, against Defendant in her capacity as guardian of and attorney-in-fact for their mother and as trustee of the Trust. In this prayer for relief, Plaintiff requested that Defendant be ordered to make whole their mother's estate for Defendant's failure to comply with her fiduciary duties. However, Plaintiff has voluntarily dismissed this claim.
 

 [2]
 

 We take no position as to the
 
 merits
 
 of Plaintiff's claims against Defendant, in her individual capacity, or as to whether these claims would survive a motion to dismiss for failure to state a claim under N.C. Gen.Stat. § 1A-1, Rule 12(b)(6). Rather, our review is limited to whether the District Court has subject matter jurisdiction.